915 F.2d 500
 SAFECO INSURANCE COMPANY OF AMERICA, a Washington
corporation, Plaintiff-Appellant,
v.
David O. ANDREWS; Kandace Kuehl; FSR Brokerage, Inc., dba
Fred Sands Realtors; Trayce Johnson; David P.
Rolapp, dba Rolapp Associates; Jo
Rolapp, Defendants-Appellees.
 No. 88-6548.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 31, 1990.
Decided Sept. 27, 1990.
 
 Raymond H. Goettsch, Perona, Langer, LaTorraca & Beck, Long Beach, Cal., for plaintiff-appellant.
 Kate M. Neiswender, argued, H. Melvin Swift, Jr., Lagerlof, Senecal, Drescher & Swift, Los Angeles, Cal., for defendant-appellee David O. Andrews.
 Bruce S. Alpert, Anker, Schwartz, Alpert & Hymes, Encino, Cal., for defendant Kandace Kuehl.
 Appeal from the United States District Court for the Central District of California.
 Before NELSON, BRUNETTI and KOZINSKI, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 The appellant, Safeco Insurance Company of America ("Safeco"), filed suit against its insured, David Andrews ("Andrews"), in the United States District Court for the Central District of California, seeking declaratory relief from its duty to defend and indemnify Andrews in a state court lawsuit. Jurisdiction is based on diversity of citizenship. Safeco claimed that the lawsuit did not fall within the liability coverage of a homeowner's policy owned by Andrews and sought summary judgment. Andrews claimed that Safeco owed him a defense and moved for partial summary judgment. The district court denied Safeco's motion and granted summary judgment in favor of Andrews on the duty to defend issue. We reverse.
 
 STATEMENT OF FACTS
 
 2
 On March 1, 1985, appellee Andrews entered into a written agreement to sell real property located at 2609 Glen Green, Los Angeles, California (the "Glen Green property"), to Kandace Kuehl ("Kuehl"). Andrews owned a homeowner's policy, purchased from appellant Safeco and effective from September 26, 1984. Under its Liability Coverages section, the policy provides:
 
 COVERAGE E--PERSONAL LIABILITY
 
 3
 If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
 
 
 4
 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
 
 
 5
 2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may make any investigation and settle any claim or suit that we decide is appropriate.
 
 
 6
 Andrews canceled the policy as of April 1, 1985. Escrow on the property sale closed on April 8, 1985.
 
 
 7
 On September 9, 1986, Kuehl filed a complaint in Los Angeles Superior Court against Andrews and other defendants. The first amended complaint, filed on January 12, 1987, listed four causes of action against Andrews, including negligent failure to inspect the property and inform Kuehl of certain alleged defects in the Glen Green property, misrepresentation, breach of contract, and rescission of contract. The complaint is based on Andrews's alleged failure to discover and properly inform Kuehl of:
 
 
 8
 facts materially affecting the value or desirability of the subject real property including, but not limited to the following:
 
 
 9
 A. That the subject real property had a serious problem with unstable, shifting and moving earth, which produced and continues to produce sudden landslides.
 
 
 10
 B. That the subject real property had defective and inadequate electrical wiring.
 
 
 11
 C. That the subject real property had defective plumbing including improper drainage from the main sewer line.
 
 
 12
 D. That a basement addition had severe water leakage.
 
 
 13
 (Emphasis added.)
 
 
 14
 Andrews, relying on the policy that had been in effect through April 1, 1985, tendered his defense to Safeco, which accepted under a reservation of rights. Safeco then filed this declaratory judgment action, claiming that it owes Andrews no duty to defend because Kuehl's lawsuit does not allege any "property damage" within the meaning of the policy nor any "occurrence" within the meaning of the policy.
 
 DISCUSSION
 
 15
 An insurer's duty to defend is much broader than the duty to indemnify. CNA Casualty of California v. Seaboard Surety Co., 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276 (1986). An insurer bears a duty to defend its insured whenever there is any potential of liability that arguably comes within the scope of the insurance policy. Id.; Paramount Properties Co. v. Transamerica Title Ins. Co., 1 Cal.3d 562, 571, 83 Cal.Rptr. 394, 463 P.2d 746 (1970); Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275-77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). Moreover, coverage clauses are to be interpreted broadly so as to afford the greatest possible protection to the insured. Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 808, 180 Cal.Rptr. 628, 640 P.2d 764 (1982).
 
 
 16
 Safeco's coverage clearly does not extend to Kuehl's claims for breach of contract or rescission of contract. The policy excludes liability "under any ... contract or agreement except those directly relating to the maintenance or use of the insured location." Kuehl's claims for negligent failure to inspect or inform and for misrepresentation are not specifically excluded by the policy.
 
 
 17
 Andrews's coverage for personal liability is described in section E of the Safeco policy, which reads in relevant part:
 
 
 18
 If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will ... provide a defense at our expense ... even if the allegations are groundless, false, or fraudulent.
 
 
 19
 (Emphasis added).
 
 
 20
 Under the policy, "property damage" is defined as "physical injury to or destruction of tangible property, including loss of use of this property." An "occurrence" is defined as "an accident, including exposure to conditions which results, during the policy period, in bodily injury or property damage."
 
 
 21
 Kuehl is seeking damages for Andrews's alleged negligence in failing to inspect and inform him of defects in the property and for misrepresentation "materially affecting the value or desirability" of the property. Kuehl's claims do not expose Andrews to liability for any damage to tangible property, but rather for economic loss resulting from Andrews's alleged failure to discover and disclose facts relevant to the property's value and desirability. Such harm is outside the scope of the policy. See Allstate Insurance Co. v. Miller, 743 F.Supp. 723 (N.D.Cal.1990). Although the defective condition of the property is an element of Kuehl's claims, the defects cannot, even when interpreting the policy broadly, be considered the cause of Kuehl's damages. The cause of the damage was Andrews's alleged misrepresentations, which are not an "occurrence" or a "peril insured against" under the terms of the policy. There is, therefore, no potential for liability that arguably comes within the scope of the insurance coverage provided by Safeco.
 
 
 22
 For the above reasons, the district court's denial of Safeco's motion for summary judgment and the grant of Andrews's partial summary judgment is reversed.
 
 
 23
 REVERSED.