Richard K. QUALMAN, and Diana M. Qualman,
Plaintiffs,

v.

Ludwig BRUCKMOSER, and Annie M. Bruckmoser,
Defendants-Appellants,

AMERICAN FAMILY INSURANCE COMPANY,
Defendant-Respondent,

NEUMANN REALTY CO., INC., Richard Neumann
and Rose Neumann, Defendants.

Court of Appeals

*No. 90-2431. Submitted on briefs April 19, 1991.—Decided May
15, 1991.*

(Also reported in 471 N.W.2d 282.)

362

On behalf of the defendants-appellants, the cause was submitted on the briefs of *David H. Hutchinson* of *Machulak, Hutchinson, Robertson & Dwyer, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael F. Flaherty* of *American Family Insurance Company* of Milwaukee.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J.   The trial court granted summary judgment dismissing the claims of the plaintiffs, Richard K. and Diana M. Qualman, and the cross-claim of the defendants, Ludwig and Annie M. Bruckmoser. The trial court held that there was no coverage in the homeowner's policy issued by American Family Insurance Company to the Bruckmosers for the claims alleged by the Qualmans against the Bruckmosers, and that American Family therefore had no duty to defend the Bruckmosers. The Bruckmosers appeal from the judgment. Because we agree with the trial court's conclusion that there is no coverage in the policy, we affirm.

The Bruckmosers sold their house to the Qualmans, closing the transaction on August 26, 1983. On August 25, 1989, the Qualmans filed an action against the Bruckmosers, based on alleged negligent and intentional misrepresentation and breach of contract in selling the house. The Qualmans alleged that the house had cracked basement walls and defective kitchen pipes, and that the Bruckmosers misrepresented these known conditions and breached the contract.

The Bruckmosers had a homeowner's policy with American Family in full force at the time of sale. Relying on that policy, the Bruckmosers tendered their defense to American Family, but American Family declined to defend them. On March 27, 1990, the Qualmans filed an

amended complaint and named American Family as a defendant. On July 6, 1990, the Bruckmosers filed a cross-claim against American Family seeking indemnification pursuant to the terms of their homeowner's policy in the event they were required to pay any damages and for recovery of costs incurred in the defense of the claims. The trial court granted summary judgment in favor of American Family and entered a judgment dismissing the Qualmans' claims and the Bruckmosers' cross-claim on October 4, 1990. The Bruckmosers appeal from the dismissal of their cross-claim.[1]

The issue before this court is whether the Bruckmosers' homeowner's insurance policy issued by American Family provided coverage to the Bruckmosers in the lawsuit brought by the Qualmans, thus triggering American Family's duty to defend the Bruckmosers. Since the interpretation of an insurance contract is a question of law, this court reviews the contract independently from the trial court. *Katze v. Randolph & Scott Mut. Fire Ins. Co.,* 116 Wis. 2d 206, 212, 341 N.W.2d 689, 691 (1984).

An insurance company's duty to defend is dependent solely on the allegations of the complaint. *Professional Office Bldgs., Inc. v. Royal Indem. Co.,* 145 Wis. 2d 573, 582, 427 N.W.2d 427, 430 (Ct. App. 1988). "These allegations must state or claim a cause of action for the liability insured against or for which indemnity is paid in order for the suit to come within any defense coverage of the policy . . .." *Grieb v. Citizens Casualty Co.,* 33 Wis. 2d 552, 557, 148 N.W.2d 103, 106 (1967).

[1]This appeal is limited to the Bruckmosers' cross-claim against American Family. The Qualmans' claims against the Bruckmosers for liability and damages continued and were originally set for trial on December 3, 1990.

Thus, for there to be a duty to defend, there must be allegations in the complaint which would fall within coverage afforded under the policy.

In their amended complaint, the Qualmans alleged four claims against the Bruckmosers: (1) breach of contract; (2) intentional misrepresentation; (3) misrepresentation—strict responsibility; and (4) negligent misrepresentation. Specifically, the Qualmans alleged that the house had cracked basement walls and defective kitchen pipes, that the Bruckmosers knew of these defects, and that they either failed to disclose them, negligently failed to disclose them, intentionally failed to disclose them or breached the contract. The Qualmans allege that they have suffered pecuniary damages as a result.

It is a well-established rule that when interpreting an insurance contract, doubts and ambiguity about coverage must be resolved in favor of the insured. *Sola Basic Indus., Inc. v. United States Fidelity & Guar. Co.,* 90 Wis. 2d 641, 646–47, 280 N.W.2d 211, 214 (1979). However, a contract of insurance is not to be rewritten by the court to bind an insurer to a risk which the insurer did not contemplate and for which it has not been paid. *Wisconsin Builders, Inc. v. General Ins. Co. of Am.,* 65 Wis. 2d 91, 103, 221 N.W.2d 832, 838 (1974). We conclude that the American Family policy language is not ambiguous and does not extend to claims for intentional or negligent misrepresentation or breach of contract.

The pertinent language of the policy issued to the Bruckmosers provides the following:

### COVERAGE——D-PERSONAL LIABILITY COVERAGE

We will pay, up to our limit of liability, all sums for which any insured is legally liable because of bodily injury or property damage covered by this policy.

We will defend any suit for damages, provided the suit resulted from bodily injury or property damage not excluded under this coverage.

"Property damage" is defined in the policy as "injury to or destruction of tangible property, including the loss of its use."

The causes of action against the Bruckmosers relate to breach of contract and misrepresentation of significant structural defects. The damages for such claims, if proven, would be the difference between the market value of the property at the time of purchase and the amount actually paid. *See* Wis J I—Civil 2405, 2406. Therefore, the damages alleged by the Qualmans are pecuniary in nature and do not constitute property damage as defined by the insurance policy. Property damage within the meaning of the policy is not alleged. There is no coverage in the policy for the pecuniary loss the Qualmans do allege. Thus, American Family has no duty to defend.

Although there is little Wisconsin case law on the matter, several courts applying California law have reached similar conclusions. *Safeco Insurance Co. of America v. Andrews,* 915 F.2d 500 (9th Cir. 1990), for example, also involved the sale of a home. There, the purchaser alleged breach of contract, misrepresentation, and negligent failure to inform the buyer of certain defects. The seller tendered his defense to the insurance company which had issued his homeowner's policy. The policy issued by Safeco defined property damage as

"physical injury to or destruction of tangible property, including loss of use of this property"—language virtually identical to the policy language at issue in the Bruckmosers' policy. Safeco claimed it owed no duty to defend because the buyer's complaint did not allege property damage within the meaning of the policy.

In interpreting the policy language, the *Safeco* court recognized that the buyer's claims did not expose the seller to liability for any damage to tangible property, but that the claims were for economic loss resulting from the seller's alleged failure to disclose facts relevant to the property's value. *Id.* at 502. The court held that such harm is outside the scope of the policy. *Id. See also Allstate Ins. Co. v. Miller,* 743 F. Supp. 723, 726 (N.D. Cal. 1990).

As in *Safeco,* the Qualmans' claims in this case do not expose the Bruckmosers to liability for any damage to tangible property. Any property damage that existed in the home existed before the making of the alleged misrepresentations which are the theory of recovery in the complaint. Simply because the underlying facts deal with defects in the property sold does not change the nature of the claim asserted by the Qualmans against the Bruckmosers. Nor does it change the risks the policy insured against.

The Bruckmosers assert that the Qualmans' pleadings necessarily imply property damage and a loss of use, and that coverage therefore exists under the policy. However, even if the Qualmans explicitly alleged loss of use from the defects, the Bruckmosers' argument still must fail. There is no question that the defective condition of the house is an element in the Qualmans' complaint. Nevertheless, those defects cannot be considered the *cause* of the Qualmans' damages, even when inter-

367

preting both the complaint and the policy broadly. *See Safeco,* 915 F.2d at 502.

The Bruckmosers also assert that American Family has waived its right to raise a "duty to defend" defense because it failed to provide the Bruckmosers with counsel prior to a ruling on the issue. If an insurance company breaches its duty to defend its insured in the underlying action against the insured, the company cannot later challenge any coverage issues. *Professional Office Bldgs.,* 145 Wis. 2d at 584-85, 427 N.W.2d at 431.

However, a review of the procedural record in this case shows these contentions are unwarranted. The Bruckmosers began defending the case in September 1989. American Family allegedly was tendered the defense in January 1990 and immediately raised the duty to defend issue. Upon being named as a defendant in the amended complaint, American Family again promptly answered by denying a duty to defend. Therefore, we cannot conclude that American Family has waived its right to raise as a defense a duty to defend.

The Bruckmosers would have this court extend their homeowner's liability policy to cover misrepresentation and breach of contract actions. This clearly is not contemplated by the plain language of the policy. We conclude that no coverage exists for the damages claimed, and that American Family therefore had no duty to defend the Bruckmosers.

*By the Court.*—Judgment affirmed.