**SAN DIEGO NATIONAL BANK, a Nationally chartered bank; SDNB Financial Corp., a California corporation; and Charles I. Feurzeig, an individual, Plaintiffs,**

v.

**AETNA CASUALTY & SURETY COMPANY OF ILLINOIS, an Illinois corporation, Defendant.**

**No. 91–CV–1843KING (BTM).**

United States District Court, S.D. California.

Oct. 23, 1992.

Roy Morrow Bell, Timothy J. Irving, Miller, Boyko & Bell, San Diego, Cal., for plaintiffs.

Lane J. Ashley, Alan J. Freisleben, Richard B. Hall, Sedgwick, Detert, Moran & Arnold, Irvine, Cal., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SAMUEL P. KING, District Judge (Sitting by Designation).

### I. BACKGROUND

Plaintiffs San Diego National Bank, SDNB Financial Corp., and Director Charles I. Feurzeig (collectively "SDNB") are named defendants in a case in this court,[1] and a parallel state action.[2] In those actions, SDNB allegedly aided and abetted Pioneer Mortgage Company in a securities fraud-related scheme ("The PMC Scheme").

Aetna Casualty and Surety Company of Illinois ("Aetna") insured SDNB under a general liability insurance policy from November 1, 1990 to November 1, 1991. Aetna's policy covers "bodily injury" and "property damage" caused by an "occurrence," as well as "personal injury" and "advertising injury." Aetna has refused to defend or indemnify SDNB. SDNB's amended complaint alleges several causes of action against Aetna: 1) Breach of Contract, 2) Breach of the Implied Covenant of Good Faith and Fair Dealing, 3) Bad Faith Denial of Existence of Contract to Defend and Indemnify, 4) Fraud, 5) Negligent Misrepresentation and 6) Declaratory Relief.[3]

Aetna has moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted because it has no duty to defend or indemnify SDNB against the claims made against it in *Goldman*[4] or in *Owens*.[5] A hearing by teleconference was held on Sept. 23, 1992.

### II. THE DISPOSITIVE ISSUE

I have reviewed all the arguments raised by the parties. As in another suit before this court by SDNB against Continental Insurance Company, the dispositive issue is whether Aetna potentially has a duty,[6] to defend or indemnify SDNB in either *Goldman* or *Owens* or both. As in the Continental case, the answer is no.

### III. DISCUSSION

 Under the policy language, in order for SDNB to be covered, SDNB must become "legally obligated to pay" damages for "bodily injury" or "property damage" resulting from an "occurrence," or from "personal injury," or "advertising injury." Aetna has the "right and duty to defend any 'suit' seeking those damages." The underlying causes of action are basically securities fraud-related, involving economic harm, not bodily-injury or property dam-

---

**1.** *Goldman et al. v. First National Bank et al.,* 91–CV–0005KING (BTM).

**2.** *Greenwald et al. v. San Diego Trust & Savings Bank et al.,* No. 633387 (San Diego Sup.Ct., May 31, 1991) and *Owens Trust et al. v. San Diego Trust & Savings Bank et al.,* No. 633381 (San Diego Sup.Ct., May 31, 1991), consolidated under *Owens*.

**3.** SDNB has also filed suit against its other insurance carriers with substantially similar language at issue. This court here adopts the rationale and language as in its ruling on summary judgment in *SDNB v. Continental Insurance Co.,* 91–CV–1842KING (BTM). I note also that the subject complaint against Aetna was originally dismissed with leave to amend by Judge Rudi M. Brewster on June 18, 1992, for failure to state a claim. The amended complaint added causes of action for negligent misrepresentation and fraud. The underlying complaints, however, are unchanged.

**4.** In the *Goldman* Second Amended Complaint, there are 27 claims for relief involving 29 defendants. Nine claims involve SDNB. There are no allegations for bodily injury, physical injury, personal injury, or advertising injury.

**5.** The *Owens* complaint alleges in two causes of action suffering for "pain, discomfort, fears, anxiety, worries, and mental, physical, and emotional distress."

**6.** *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 266–67, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).

age. There is no personal injury. There is no advertising injury. There is no "occurrence" within the meaning of the policy. There is no coverage.[7]

#### 1. "Personal Injury" or "Advertising Injury."

██ The policy defines "personal injury" as the result of false arrest or imprisonment, malicious prosecution, wrongful entry, libel, slander, or invasion of privacy. There are no such allegations against SDNB in either underlying action, and the parties admit in oral argument that coverage for personal injury is not at issue.

The policy defines "advertising injury" as libel, slander, invasion of privacy, misappropriation of ideas, or copyright infringement. *Owens* alleges it. *Goldman* does not. The *Owens* complaint states that underlying plaintiffs suffered " 'advertising injuries' as such injuries are commonly defined by comprehensive general liability insurers in California" in a paragraph alleging that the PMC scheme constituted unfair competition.

Aetna argues that its policy definition of "advertising injury" does not cover the claims against SDNB. I agree.[8]

#### 2. "Bodily Injury" or "Property Damage" caused by an "Occurrence."

██ According to the policy language, to be an "occurrence," the conduct must be an "accident" and "unexpected or unintentional." Here, SDNB is alleged to have been involved in the PMC scheme of securities fraud. Specifically, SDNB is alleged to have aided and abetted the PMC scheme. Assuming arguendo that SDNB assisted in the underlying fraud, there is no potential for coverage. Fraud is not an "occurrence." [9] Aiding and abetting is intentional behavior.

Furthermore, even if the behavior of SDNB is not intentional and does otherwise constitute an "occurrence," there is no "property damage" [10] nor "bodily injury" [11] thus precluding coverage.

Because the underlying actions against SDNB seek recovery for actions outside the scope of the Aetna policy, there is no claim upon which relief can be granted in this action.

---

**7.** *See Giddings v. Industrial Indem. Co.,* 112 Cal. App.3d 213, 219, 169 Cal.Rptr. 278, 281 (1980) (where no potential for coverage exists, the insurer need not provide the insured with a defense).

**8.** *See Bank of the West v. Superior Court,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992) (restricting coverage for "unfair competition" coverage of a liability policy for advertising injury).

**9.** *See, e.g., American States Ins. Co. v. Canyon Creek,* 786 F.Supp. 821, 825 (N.D.Cal.1991) ("It is well established [under California law] that intentional wrongdoing such as fraud is not considered an "occurrence" as defined in the applicable policies ... allegations of negligent misrepresentation have likewise been held not to constitute an 'occurrence'.") *See also Safeco Insurance Co. of America v. Andrews,* 915 F.2d 500, 502 (9th Cir.1990) (alleged misrepresentations regarding the condition of real property did not constitute an "occurrence") (Applying California law).

**10.** The underlying complaints do not seek "property damage"—merely economic damages. Economic damages are not "property damages"; the damage must be to "tangible property" to be covered. *See, e.g., Horsemen's Benevolent & Protective Ass'n. v. Ins. Co. of North America,*

222 Cal.App.3d 816, 820, 271 Cal.Rptr. 838 (1990) (claims for money damages as a result of negligent and intentional fraudulent misrepresentations not covered by insurance for property damage). *See also Giddings v. Industrial Indemnity Co.,* 112 Cal.App.3d 213, 219, 169 Cal. Rptr. 278, 281 (1980) (strictly economic losses do not constitute injury to tangible property).

**11.** The *Goldman* Second Amended Complaint does not even allege bodily injury, personal injury, or advertising injury. Although the *Owens* first amended complaint does include allegations of physical and emotional distress damages, and damage to business and property, the *Owens* allegations do not give rise to a potential for coverage.

SDNB argues that emotional distress damages (the only conceivable "bodily injury" in this securities fraud case) give rise to coverage. This argument fails. *See W. Andrew Branch v. Homefed Bank,* 6 Cal.App.4th 793, 8 Cal.Rptr.2d 182 (1992) (damages for emotional distress are not recoverable where negligent misrepresentation caused only economic injury) and *Devin v. United Services Automobile Ass'n,* 6 Cal.App.4th 1149, 8 Cal.Rptr.2d 263 (1992) (claim for mental distress unaccompanied by physical injury is not "bodily injury" within terms of liability policy).

98

Aetna's motion to dismiss is GRANTED.

IT IS SO ORDERED.