SAN DIEGO NATIONAL BANK, a Nationally chartered bank; SDNB Financial Corp., a California corporation; and Charles I. Feurzeig, an individual, Plaintiffs,

v.

The CONTINENTAL INSURANCE COMPANY, a New Hampshire corporation, Defendant.

No. 91–CV–1842KING (BTM).

United States District Court, S.D. California.

Oct. 23, 1992.

Roy Morrow Bell, Miller, Boyko and Bell, Maureen H. Edwards, Timothy P. Irving, San Diego, CA, for plaintiffs.

J. Kevin Snyder, Buchalter, Nemer, Fields & Younger, Barbara Ciolino, Los Angeles, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SAMUEL P. KING, District Judge.

### I. BACKGROUND

Plaintiffs San Diego National Bank, SDNB Financial Corp., and Director Charles I. Feurzeig (collectively "SDNB") are named defendants in a case in this court,[1] and a parallel state action.[2] In those actions, SDNB allegedly aided and abetted Pioneer Mortgage Company in a securities fraud-related scheme ("The PMC Scheme").

Continental Insurance Co. ("Continental") insured SDNB under a general liability insurance policy which expired on November 1, 1990. Continental's policy covers "bodily injury" and "property damage" caused by an "occurrence," as well as "personal injury" and "advertising injury."

---

1. *Goldman et al. v. First National Bank et al.,* 91–CV–0005 KING (BTM).

2. *Greenwald et al. v. San Diego Trust & Savings Bank et al.,* No. 633387 (San Diego Sup.Ct., May 31, 1991) and *Owens Trust et al. v. San Diego Trust & Savings Bank et al.,* No. 633381 (San Diego Sup.Ct., May 31, 1991), consolidated under *Owens.*

Continental has refused to defend or indemnify SDNB; SDNB's complaint alleges several causes of action against Continental: 1) Breach of Contract, 2) Breach of the Implied Covenant of Good Faith and Fair Dealing, and 3) Bad Faith Denial of Existence of Contract to Defend and Indemnify.

Continental has moved for summary judgment, claiming there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law because it has no duty to defend or indemnify SDNB against the claims made against it in *Goldman* [3] or in *Owens*. [4]

## II. THE DISPOSITIVE ISSUE

I have reviewed all the arguments raised by the parties. The dispositive issue is whether Continental Insurance potentially has a duty, [5] based upon the allegations or evidence discovered to date, to defend or indemnify SDNB in either *Goldman* or *Owens* or both. The answer is no.

## III. DISCUSSION

Under the policy language, in order for SDNB to be covered, SDNB must become "legally obligated to pay" damages for "bodily injury" or "property damage" resulting from an "occurrence," or from "personal injury," or "advertising injury." Continental has the "right and duty to defend any 'suit' seeking those damages." The underlying causes of action are basically securities fraud-related, involving economic harm, not bodily-injury or property damage. There is no personal injury. There is no advertising injury. There is no

"occurrence" within the meaning of the policy. There is no coverage. [6]

1. "Personal Injury" or "Advertising Injury."

■ The policy defines "personal injury" as the result of false arrest or imprisonment, malicious prosecution, wrongful entry, libel, slander, or invasion of privacy. There are no such allegations against SDNB in either underlying action, and the parties admit in oral argument that coverage for personal injury is not at issue.

■ The policy defines "advertising injury" as libel, slander, invasion of privacy, misappropriation of ideas, or copyright infringement. *Owens* alleges it. *Goldman* does not. The *Owens* complaint states that underlying plaintiffs suffered " 'advertising injuries' as such injuries are commonly defined by comprehensive general liability insurers in California" in a paragraph alleging that the PMC scheme constituted unfair competition.

Continental argues that its policy definition of "advertising injury" does not cover unfair competition. That is, its policy is not like those which are "commonly defined by ... insurers in California" and thus its policy does not cover claims against SDNB for advertising injury. I agree. [7]

2. "Bodily Injury" or "Property Damage" caused by an "Occurrence."

■ According to the policy language, to be an "occurrence," the conduct must be an "accident" and "unexpected or unintention-

3. In the *Goldman* Second Amended Complaint, there are 27 claims for relief involving 29 defendants. Nine claims involve SDNB. There are no allegations for bodily injury, physical injury, personal injury, or advertising injury.

4. The *Owens* complaint alleges in two causes of action suffering for "pain, discomfort, fears, anxiety, worries, and mental, physical, and emotional distress."

5. *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 266–67, 419 P.2d 168, 54 Cal.Rptr. 104 (1966).

6. *See Giddings v. Industrial Indem. Co.,* 112 Cal. App.3d 213, 219, 169 Cal.Rptr. 278, 281 (1980) (where no potential for coverage exists, the insurer need not provide the insured with a defense).

7. *See American States Ins. Co. v. Canyon Creek,* 786 F.Supp. 821 (N.D.Cal.1991) (damages suffered as a result of intentional or negligent misrepresentations made in conjunction with purchase of property did not satisfy definition of "occurrence" within meaning of comprehensive general liability policy). Although *American States* found a duty to defend against unfair competition allegations under "advertising injury" coverage, the policy in that case specifically defined the coverage to include unfair competition. Continental's policy defines the term differently.

al." Here, SDNB is alleged to have been involved in the PMC scheme of securities fraud. Specifically, SDNB is alleged to have aided and abetted the PMC scheme. Assuming arguendo that SDNB assisted in the underlying fraud, there is no potential for coverage. Fraud is not an "occurrence." [8] Aiding and abetting is intentional behavior.

Furthermore, even if the behavior of SDNB is not intentional and does otherwise constitute an "occurrence," there is no "property damage" [9] nor "bodily injury" [10] thus precluding coverage. Because of these findings, I do not reach the issue of whether any claims potentially relate back to the policy period. I do note, however, that the policy expired in November 1990 while fraud allegedly was not discovered until January 1, 1991.

Because there is no potential for coverage, summary judgment is appropriate.

In support, SDNB attaches declarations from *Goldman* and *Owens* plaintiff's attorneys stating we [counsel] are aware of numerous [*Owens* ] plaintiffs who have claims for and have suffered *physical, mental and emotional injuries,* as a result of the wrongful conduct of the Pioneer Mortgage defendants, occurring during 1990 and *prior to November 1, 1990.* Several of these individuals sought and received professional medical treatment. This information, including the timing and details of injury, has not been the subject of discovery propounded by defendants. (emphasis in original)

and

As counsel for the plaintiffs [in *Goldman* ], I expect that discovery will uncover physical, mental and emotional injuries incurred by representative plaintiffs as well as putative class members which injuries occurred in 1990 and prior to November 1, 1990 as a result of the wrongful conduct of the defendants in the class action.

SDNB fails to identify any specific *Goldman* or *Owens* plaintiffs who suffered such injuries. "Pioneer Mortgage Defendants" includes many other parties other than SDNB. There are no specific declarations that anyone "expects" to find *SDNB* caused "physical" or "bodily injury."

Under the *Celotex* standard for summary judgment, because SDNB has the burden of proving it is covered, SDNB's failure to come forth with specific evidence entitles Continental to Summary Judgment. SDNB's argument that it needs further discovery in both underlying actions is tenuous considering that the *Owens* trial was originally scheduled for Sept. 21, 1992. At this stage, "expectations" do not meet the *Celotex* standard.

SDNB also argues that emotional distress damages (the only conceivable "bodily injury" in this securities fraud case) give rise to coverage. This argument fails. *See W. Andrew Branch v. Home Fed Bank,* 6 Cal.App. 4th 793, 8 Cal.Rptr.2d 182 (1992) (damages for emotional distress are not recoverable where negligent misrepresentation caused only economic injury) and *Devin v. United Services Automobile Ass'n,* 6 Cal.App. 4th 1149, 8 Cal.Rptr.2d 263 (1992) (claim for mental distress unaccompanied by physical injury is not "bodily injury" within terms of liability policy).

**8.** *See, e.g., American States Ins. Co. v. Canyon Creek,* 786 F.Supp. 821, 825 (N.D.Cal.1991) ("It is well established [under California law] that intentional wrongdoing such as fraud is not considered an 'occurrence' as defined in the applicable policies ... allegations of negligent misrepresentation have likewise been held not to constitute an 'occurrence'.") *See also Safeco Insurance Co. of America v. Andrews,* 915 F.2d 500, 502 (9th Cir.1990) (alleged misrepresentations regarding the condition of real property did not constitute an "occurrence") (Applying California law).

**9.** Continental contends that the underlying complaints do not seek "property damage"—merely economic damages—and argues that economic damages are not "property damages"; the damage must be to "tangible property" to be covered. *See, e.g., Horsemen's Benevolent & Protective Ass'n. v. Ins. Co. of North America,* 222 Cal.App.3d 816, 820, 271 Cal.Rptr. 838 (1990) (claims for money damages as a result of negligent and intentional fraudulent misrepresentations not covered by insurance for property damage). *See also Giddings v. Industrial Indemnity Co.,* 112 Cal.App.3d 213, 219, 169 Cal.Rptr. 278, 281 (1980) (strictly economic losses do not constitute injury to tangible property).

**10.** The *Goldman* Second Amended Complaint does not even allege bodily injury, personal injury, or advertising injury. Although the *Owens* first amended complaint does include allegations of physical and emotional distress damages, and damage to business and property, the *Owens* allegations do not give rise to a potential for coverage.

SDNB argues that more time is needed for discovery in both underlying actions, as well as in the instant suit against Continental. It contends that material issues of fact remain about whether and when the underlying plaintiff's injuries occurred. It asserts that further discovery will reveal that underlying plaintiffs suffered emotional distress or other "physical" or "bodily" injury, thus subjecting claims against SDNB to coverage under the Continental policy. It further charges that Continental failed to adequately investigate the potentially-covered claims against SDNB thus breaching its duty of good faith and fair dealing.

Continental Insurance Company's motion for summary judgment is GRANTED.

IT IS SO ORDERED.