No. 3–08–0915

_____

Filed October 20, 2009

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| GEORGE and MARTHA ROCK, | ) | Appeal from the Circuit Court |
| | ) | for the 12th Judicial Circuit, |
| Plaintiffs-Appellees, | ) | Will County, Illinois |
| | ) | |
| | ) | |
| | ) | No. 07–MR–552 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, a/k/a State Farm Insurance | ) | |
| Companies, | ) | Honorable |
| | ) | Bobbi Petrungaro, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the opinion of the court:

_____

Plaintiffs George and Martha Rock (the Rocks) brought a declaratory judgment action against defendant State Farm Fire and Casualty Company (State Farm) seeking a declaration that State Farm had duties to defend and indemnify the Rocks against a lawsuit brought by a third party. After judgment in the underlying lawsuit was entered in the Rocks' favor, the instant declaratory judgment action proceeded solely on the issue of whether State Farm had a duty to defend the Rocks. The trial court found that State Farm had a duty to defend the Rocks against the underlying suit. State Farm appealed. We reverse.

FACTS

The record reveals the following facts. In August 2004, the Rocks sold a home located in

La Porte, Indiana, to Phillip and Janel Koss (the Kosses). In March 2005, the Kosses filed a three-count complaint in Indiana state court against the Rocks. In all three counts, the Kosses alleged that the Rocks had indicated on a residential real estate sales disclosure form that there were no moisture or water problems in any area of the home, there was no damage due to flood, there were no hazardous conditions such as mold, and there were no foundation problems. In count I, the Kosses claimed that these statements were fraudulent misrepresentations as to past and/or existing material facts and that the Rocks made these false statements knowingly or with reckless ignorance or indifference of their falsity. Further, the Kosses alleged that the Rocks made these false statements to induce the Kosses to purchase the property. The Kosses alleged they relied upon the Rocks' statements and were injured. The alleged damages were the loss of their bargain, the loss of value to their property, the loss of use of their property, the cost of remediation, and emotional distress and anguish.

In count II, the Kosses alleged that the Rocks' misrepresentations violated the duty of good faith and fair dealing. The Kosses claimed damages as a result, including the loss of their bargain, the loss of value to their property, the loss of use of their property, and the cost of remediation. In count III, the Kosses allege that the misrepresentations made by the Rocks were negligent misrepresentations and resulted in the loss of their bargain, the loss of value to their property, the loss of use of their property, and the cost of remediation.

On June 15, 2007, the Rocks filed a petition for declaratory judgment against State Farm seeking a declaration that State Farm had "an obligation to consider, settle and/or arbitrate" the suit brought by the Kosses. The Rocks alleged that State Farm had such a duty under a homeowner's insurance policy issued by State Farm to the Rocks for the La Porte property that

2

was in effect in July 2004. In addition, State Farm had declined the Rocks' request to tender defense of the suit to State Farm.

On August 23, 2007, the Rocks filed an amended petition for declaratory judgment. In the amended petition, the Rocks stated that the underlying lawsuit against them had been tried before a jury. A verdict in that suit was entered in favor of the Rocks.

State Farm filed its answer in the instant declaratory judgment action on September 5, 2007. In its answer, State Farm admitted a homeowner's policy was in effect in July 2004. In addition, State Farm admitted that it had denied the Rocks' request for defense of the lawsuit brought by the Kosses because the liability provision of the insurance policy was not triggered, as the underlying complaint did not contain allegations of an occurrence that caused property damage. State Farm also claimed two affirmative defenses not at issue in this appeal.

The homeowners' policy in question was issued on December 15, 2003, and coverage ceased on September 14, 2004. Section II, coverage L, of the policy provides that State Farm will provide a defense "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." An "occurrence" is defined as "an accident, including exposure to conditions" that results in bodily injury or property damage. "Property damage" is defined as "physical damage to or destruction of tangible property, including loss of use of this property."

On January 7, 2008, State Farm filed a motion for judgment on the pleadings pursuant to section 2–615(e) of the Code of Civil Procedure. 735 ILCS 5/2–615(e) (West 2008). State Farm argued in that motion that it did not owe the Rocks a duty to defend or indemnify because the underlying complaint did not allege an occurrence that caused property damage. In response, the

3

Rocks argued that the underlying complaint did allege property damage, pled as "costs of remediation" and "loss of use of the property" which was caused by water leaking into the home. The Rocks argued that the complaint set forth allegations which were within or potentially within coverage under the policy and, thus, State Farm's motion should be denied.

The court found that the underlying complaint alleged that the Rocks made negligent or reckless misrepresentations causing property damage in the form of loss of use and cost of remediation. Thus, the court found that the allegations in the complaint triggered State Farm's duty to defend the Rocks and denied State Farm's motion for judgment on the pleadings. Subsequently, the court entered judgment in favor of the Rocks, declaring that State Farm owed them a duty to defend against the lawsuit brought by the Kosses. That same day, the parties stipulated that the Rocks paid $29,645.79 defending the suit. State Farm appealed.

ANALYSIS

On appeal, State Farm maintains that the trial court erred by finding that State Farm had a duty to defend the Rocks against the underlying claims that they failed to disclose problems with the house. To determine whether an insurer owes a duty to defend to an insured, the court must compare the allegations in the underlying complaint to the relevant portions of the insurance policy. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 107-08, 607 N.E.2d 1204, 1212 (1992). "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." Outboard Marine Corp., 154 Ill.2d at 108, 607 N.E.2d at 1212. "The factual allegations of the complaint rather than the legal theory under which the action is brought will determine whether there is a duty to defend." Travelers Insurance Cos. v. P.C. Quote, Inc., 211 Ill. App. 3d 719, 729, 570 N.E.2d

4

614, 621 (1991). An insurer's duty to defend is much broader than its duty to indemnify. <u>Crum</u> <u>& Forster Managers Corp. v. Resolution Trust Corp.</u>, 156 Ill. 2d 384, 393-94, 620 N.E.2d 1073, 1079 (1993). The construction of an insurance policy is a question of law, which we review <u>de</u> <u>novo</u>. <u>Outboard Marine Corp.</u>, 154 Ill. 2d at 108, 607 N.E.2d at 1212.

In this case, the homeowners' policy provides that State Farm has a duty to defend the Rocks "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." Thus, we must determine whether the underlying complaint alleges facts of an occurrence that caused property damage. State Farm argues that the underlying complaint did not allege facts constituting an occurrence that caused property damage. State Farm maintains that the basis of the Kosses' lawsuit was alleged misrepresentations made by the Rocks and that these misrepresentations were not an occurrence within the meaning of the policy. Further, State Farm argues that these representations did not cause property damage to the house. In addition, State Farm contends that the underlying allegations of loss of use of the house was not property damage in this case. Rather, State Farm argues that the Kosses's claimed damages were purely economic.

The Rocks contend that the underlying complaint included claims of property damage. The Rocks argue that the underlying claims for remediation and the loss of use of property are included within property damage as defined by the insurance policy. Further, the Rocks argue that these allegations of property damage were caused by a postsale occurrence of water infiltration to the home.

We conclude that the underlying complaint does not allege an occurrence that caused

property damage. An occurrence is defined by the policy as an accident that results in property damage. "The use of the word 'occurrence' in insurance policies broadens coverage and eliminates the need to find an exact cause of damages as long as they are neither intended nor expected by the insured." Indiana Insurance Co. v. Hydra Corp., 245 Ill. App. 3d 926, 929, 615 N.E.2d 70, 73 (1993). The occurrence must still be accidental, however. Hydra Corp., 245 Ill. App. 3d at 929, 615 N.E.2d at 73. An "accident" is "an unforseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." Aetna Casualty & Surety Co. v. Freyer, 89 Ill. App. 3d 617, 619, 411 N.E.2d 1157, 1159 (1980).

In the underlying complaint, the Kosses allege that the Rocks knowingly, recklessly or negligently misrepresented in a real estate disclosure form that there were no moisture or water problems in the home, no damage due to flood and no problems with the home's foundation. The Kosses also alleged that they relied upon these misrepresentations and were injured as a result of their reliance. Contrary to the Rocks' position on appeal, the underlying complaint does not make any allegation of postsale water infiltration to the home. Indeed, the underlying complaint alleges that the Rocks misrepresented "past and/or existing material facts." Thus, the acts in the underlying complaint that are alleged to have caused injury, and the only possible "occurrence" for purposes of this appeal, were the misrepresentations made by the Rocks. The Rocks do not argue that the misrepresentations are an "occurrence" within the meaning of the policy. We need not determine whether the alleged misrepresentations meet the definition of "occurrence," however, because the underlying complaint does not allege that the misrepresentations caused property damage.

6

"Property damage" is defined in the policy as "physical damage to or destruction of tangible property, including loss of use of this property." In this case, the underlying complaint does not allege that the purportedly false statements made by the Rocks caused any physical damage to or destruction of tangible property. The Kosses alleged that the Rocks made misrepresentations about past and/or existing facts related to moisture or water problems in the home, including damage due to flood and problems with the foundation. The underlying complaint makes no reference to any physical damage to the house incurred after these statements were made. Any physical damage to the house predated the statements made by the Rocks. Logically, misrepresentations concerning past or existing damage could not have caused past or existing damage. See Allstate Insurance Co. v. Lane, 345 Ill. App. 3d 547, 551, 803 N.E.2d 102, 106 (2003) (stating that failure to disclose defects in real estate disclosure form could not have caused preexisting damage to home).

Rather, the underlying complaint alleged that the misrepresentations by the Rocks caused the Kosses to suffer economic losses stemming from their assertions that they relied upon the allegedly false statements made by the Rocks when purchasing the home and, thus, they did not receive the value for which they bargained. See Stoneridge Development Co. v. Essex Insurance Co., 382 Ill. App. 3d 731, 753, 888 N.E.2d 633, 654 (2008) (claims for cost of repair to home and diminished value of home were economic losses, not property damage); Moorman Manufacturing Co. v. National Tank Co., 91 Ill. 2d 69, 82, 435 N.E.2d 443, 449 (1982) (damages for inadequate value and costs of repair generally regarded as economic damages); see also Qualman v. Bruckmoser, 163 Wis. 2d 361, 364-68, 471 N.W.2d 282, 284-85 (App. 1991) (finding no duty of insurance company to defend claim against insureds where underlying claims

7

for breach of contract and misrepresentation arising out of alleged failure to disclose defects in home alleged pecuniary damages, not property damages).  Although the underlying complaint contains an allegation that the house had preexisting damage at the time of the sale, this allegation of preexisting damage does not transform the complaint's request for economic damages into claims of liability for causing physical damage to the house.  Furthermore, as we have previously stated, the complaint does not and cannot allege that the Rocks' misrepresentations caused the preexisting damage.  The Kosses sued the Rocks for making false statements, not for causing property damage.  The Kosses' lawsuit "pertained to the nondisclosure of the damage, not to the damage itself." Lane, 345 Ill. App. 3d at 553, 803 N.E.2d at 108.

The Rocks argue that the complaint does include a claim for property damages, however, because it includes a claim for the loss of use of property.  The Rocks argue that any claim of loss of use of property is property damage under the policy's definition of property damage.  We disagree.  The policy defines property damage as "physical damage to or destruction of tangible property, including loss of use of this property."  Under the plain language of this policy definition, the phrase "loss of use of this property" refers back to the first part of the definition of property damage as physical damage to tangible property.  Thus, the property damage under the policy is defined as physically damaged or destroyed property, including loss of use of the physically damaged property.  The loss of use of property must accompany the physical damage or destruction of that property. Mutlu v. State Farm Fire & Casualty Co., 337 Ill. App. 3d 420, 431, 785 N.E.2d 951, 960 (2003).

In this case, the underlying complaint does not allege that the Rocks caused physical damage to or destruction of property.  Whatever efficient cause, condition or circumstance

8

produced the preexisting physical damage to the property, a cause that is not alleged in the complaint, that condition or circumstance caused the Kosses to suffer the loss of use of the property. Thus, the Kosses' claim for damages due to loss of use of property was not a separate claim for property damages as defined by the homeowners' policy. See Mutlu, 337 Ill. App. 3d at 431, 785 N.E.2d at 960 (no duty to defend under insurance policy where claim for loss of use of hot water was unaccompanied by claim for physical damage or destruction of property).

CONCLUSION

Based upon the above analysis, State Farm did not have a duty to defend the Rocks against the suit brought by the Kosses, and the trial court erred when it determined that State Farm owed the Rocks a duty to defend the underlying action. Accordingly, the judgment of the Will County circuit court is reversed, and judgment is entered in favor of State Farm.

Reversed.

WRIGHT, J. concurring.

JUSTICE LYTTON, dissenting:

I respectfully dissent from the majority's opinion in this case. The allegations contained in the underlying complaint are sufficient to trigger a duty to defend. Thus, I would affirm the trial court's decision.

To determine if an insurer owes a duty to defend, the court must compare the allegations in the underlying complaint with the relevant portions of the insurance policy. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 107-08, 607 N.E.2d 1204, 1212 (1992). If the facts alleged in the underlying

9

complaint fall within, or potentially within, the policy's coverage, the insurer has a duty to defend. <u>Outboard Marine Corp.</u>, 154 Ill. 2d at 108, 607 N.E.2d at 1212.

Here, the underlying complaint against defendants George and Martha Rock alleged in pertinent part:

"4. *** Mr. and Mrs. Koss were provided with the Defendants' Seller's Residential Real Estate Sales Disclosure. ***

5. On the disclosure form, the Defendants indicated that there were no moisture and/or water problems in the basement, crawl space area, or any other area of the home, that there was not any damage, due to, <u>inter</u> <u>alia</u>, flood, that there had not been or were not any hazardous conditions on the property, such as mold, and that there were not any foundation problems with the improvements. ***

6. These representations were fraudulent misrepresentations, as they were false statements of past and/or existing material facts made by the Defendants, the Defendants made them knowing that they were false and/or made them with reckless ignorance or indifference as to their falsity, and made them to induce Mr. and Mrs. Koss to purchase the real estate.

7. Mr. and Mrs. Koss justifiably relied and acted upon the statements when they purchased the property.

8. Mr. and Mrs. Koss were subsequently injured as a

10

result of their reliance upon the fraudulent misrepresentations contained in the Seller's Residential Real Estate Sales Disclosure form.

9. Mr. and Mrs. Koss' injuries and damages include the loss of their bargain, the loss of value to their property, the loss of use of their property, the cost of remediation, and emotional distress and mental anguish.

* * *

15. The aforementioned misrepresentations were negligent misrepresentations."

According to the Rocks' insurance policy, State Farm is obligated to provide a defense if "a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage *** caused by an occurrence." An "occurrence" is defined as "an accident, including exposure to conditions" that results in bodily injury or property damage. "Property damage" is defined as "physical damage to or destruction of tangible property, including loss of use of this property."

The majority concludes that the underlying complaint does not trigger a duty to defend because it "does not allege that the purportedly false statements made by the Rocks caused any physical damage to or destruction of tangible property" but, rather, alleges only "economic losses." Slip op. at ____. I disagree.

The allegations against the Rocks are similar to those against the defendants in <u>Jares v. Ullrich</u>, 2003 WI App 56, 266 Wis. 2d 322, 667 N.W.2d 843, where the court found a duty to defend. In

11

that case, the plaintiffs alleged that the defendants were aware of or should have been aware of animal infestation and failed to disclose it to the plaintiffs. They further alleged that they justifiably relied on the defendants' misrepresentations, which caused them to be unable to occupy the premises for over two months and incur costs to repair the property. The court found that the complaint adequately alleged "property damage" because it referred to "loss of use" and repair costs. Jares, 2003 WI App 156, ¶2, 266 Wis. 2d 322, ¶2, 667 N.W.2d 843, ¶2. The court also found that the plaintiffs adequately pled causation by alleging that the defendants' misrepresentations resulted in the loss of use of the property. Jares, 2003 WI App 156, ¶24, 266 Wis. 2d 322, ¶24, 667 N.W.2d 843, ¶24. The court rejected the insurer's argument that the plaintiffs' damages were purely economic because the complaint specifically alleged physical injury to the property, including loss of use. Jares, 2003 WI App 156, ¶17, 266 Wis. 2d 322, ¶17, 667 N.W.2d 843, ¶17.

Likewise, in this case, the Kosses' complaint alleges "the loss of use of their property" and "the cost of remediation." Thus, it alleges "property damage." Additionally, the complaint alleges causation, stating that the Kosses "were injured as a result of their reliance upon the fraudulent misrepresentations contained in the Seller's Residential Real Estate Sales Disclosure form." Finally, although the complaint alleges that the Kosses suffered economic damages in the form of "loss of their bargain" and "the loss of value to their property," it also alleges physical damage

12

to the property through the allegations of "the loss of use of their property" and "the cost of remediation."  Thus, the majority's conclusion that the underlying complaint does not allege property damage caused by the Rocks' representations is incorrect.

The majority also incorrectly concludes that "[w]e need not determine whether the alleged misrepresentations meet the definition of 'occurrence' *** because the underlying complaint does not allege that the misrepresentations caused property damage."  Slip op. at ___. The complaint adequately alleged both property damage and causation.

I also believe that the allegations of the complaint were sufficient to establish an "occurrence."  If a complaint alleges that the insureds made misrepresentations that they knew were false, the misrepresentations do not constitute an "occurrence." See Allstate Insurance Co. v. Lane, 345 Ill. App. 3d 547, 552, 803 N.E.2d 102, 107 (2003).  However, allegations that an insured made "unknowing" misrepresentations or "recklessly disregarded the truth" adequately allege an "occurrence."  See Lane, 345 Ill. App. 3d at 552, 803 N.E.2d at 107, citing Prisco Serena Sturm Architects, Ltd. v. Liberty Mutual Insurance, 126 F.3d 886 (7th Cir. 1997); Posing v. Merit Insurance Co., 258 Ill. App. 3d 827, 629 N.E.2d 1179 (1994); TIG Insurance Co. v. Joe Rizza Lincoln-Mercury, Inc., No. 00 C 5182 (N.D. Ill. March 14, 2002).  Other jurisdictions agree that a negligent misrepresentation may be an "occurrence," thus triggering an insurer's duty to defend.  See Allstate Insurance Co. v. Bowen, 121 Wash. App. 879, 886, 91 P.3d

13

897, 901 (2004); Lampert v. State Farm Fire & Casualty Co., 85 S.W.3d 90, 93-94 (Mo. App. 2002); Wood v. Safeco Insurance Co. of America, 980 S.W.2d 43, 53 (Mo. App. 1998); Sheets v. Brethren Mutual Insurance Co., 342 Md. App. 634, 658, 679 A.2d 540, 551 (1996).

Here, the Kosses alleged that the Rocks' misrepresentations were made with "reckless ignorance or indifference as to their falsity" and/or negligently. These allegations are sufficient to establish an "occurrence" under the State Farm policy.

I find that the facts contained in the underlying complaint fall potentially within State Farm's coverage. Thus, the trial court's order should be affirmed.

14