[No. 20603-0-II. Division Two. February 20, 1998.]
MARLENE WELLBROCK, *Individually and as Personal Representative*, ET AL., *Appellants*, v. ASSURANCE COMPANY OF AMERICA, ET AL., *Respondents*.

*Eric R. Hultman* of *Dann Radder Williamson & Meacham*; *Thomas F. Ahearne* and *Bradley W. Hoff* of *Foster Pepper & Shefelman*; and *Richard T. Beal* of *Stanislaw, Ashbaugh, L.L.P.*, for appellants.

*Ronald S. Dinning* of *Merrick, Hofstedt & Lindsey, P.S.*, for respondents.

HOUGHTON, C.J. — Marlene Wellbrock and her four children brought suit against Assurance Company of America, Inc. (Assurance), Aetna Casualty & Surety Company, Inc., Bowen Development Company, Inc., and Richard and Kathleen Bowen (Bowen) seeking damages associated with the death of Varianne F. Wellbrock.[1] They allege that Bowen Development Company negligently damaged certain trees on property adjacent to Marlene and Varianne Wellbrock's residence. Such damage eventually caused one of the trees to fall onto the Wellbrock property, killing Varianne Wellbrock.

---

[1]Marlene Wellbrock brought suit individually and as representative of the estate of her late husband, Varianne F. Wellbrock, the accident victim. The Wellbrock children, also plaintiffs, include Glen Wellbrock, Joyce Wellbrock Ehlich, Janice Wellbrock Walters, and Greg Wellbrock. These plaintiffs are referred to collectively as Wellbrock.

Wellbrock filed a lawsuit against Bowen. Richard Bowen requested defense and coverage by Assurance, his company's insurer, but Assurance denied the request. Thereafter, Bowen entered into a settlement with Wellbrock, and both parties brought the instant suit against Assurance claiming, inter alia, breach of contract. Upon motions for summary judgment by all of the parties, the trial court determined that Assurance was not obligated to cover the incident because its policy expired before Varianne Wellbrock's death. Nor was Assurance obligated to defend Bowen. The trial court granted summary judgment of dismissal in favor of Assurance, and Wellbrock and Bowen filed this appeal. We affirm.

## FACTS

The Incident and Ensuing Lawsuits

Between November 1988, and December 1989, Bowen Development Company constructed a house for Anthony and Lorraine Alvarado on a lot adjacent to Marlene and Varianne Wellbrock's residence. While excavating, clearing, and grading the lot, between February and October of 1989, the construction company damaged the roots of several trees on the Alvarados' lot. This damage hastened and accelerated the existing "visibly rotted and diseased" condition of the trees. Eventually several damaged trees fell onto the Wellbrocks' lot and house. On December 18, 1990, one of those trees fell onto Marlene and Varianne Wellbrock, injuring Marlene and killing Varianne. A professional arborist determined that the fatal tree fell because Bowen Development damaged its roots. The arborist concluded that the damage accelerated the diseased condition of the tree and effectively weakened its roots, causing the tree to fall.

On June 19, 1992, Wellbrock's attorney notified Bowen of the damage claims. In a letter dated July 7, 1992, Bowen's attorney apprised Assurance of the facts surrounding the incident and requested Assurance's assistance and

defense in the matter under the insurance policy. Assurance had not yet responded when, on September 14, 1992, Wellbrock filed a lawsuit against Bowen seeking property and personal injury damages.[2] On October 9, 1992, Assurance denied Bowen's July 7th request for coverage based upon its interpretation of the policy.[3] Bowen's attorney continued to request coverage by Assurance but his requests were denied.

On August 3, 1995, Bowen entered into a settlement agreement with Wellbrock for $850,000. The settlement also provided that Bowen assign to Wellbrock all claims against Assurance. Assurance was not involved in the settlement.

On October 5, 1995, Wellbrock, as Bowen's assignee, filed a lawsuit against Assurance. Wellbrock alleged that Assurance breached its contract with Bowen by declining to defend in the initial suit brought by Wellbrock, and by declining coverage. Wellbrock moved for a declaratory judgment that the Assurance policy covered Bowen's defense and settlement of the Wellbrock claims and for a money judgment obligating Assurance to pay the $850,000 Wellbrock settlement amount.

---

[2]Specifically, Wellbrock sought recovery for property damage, medical expenses, loss of society and consortium, and mental anguish.

[3]In relevant part, the Assurance policy for Bowen Development provides:

(a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . . .

(2) This insurance applies only to bodily injury and property damage which occurs during the policy period. The bodily injury or property damage must be caused by an occurrence.

(3) We will have the right and duty to defend any suit seeking those damages.

This insurance policy provided coverage for Bowen Development from August 1, 1989 to August 1, 1990. Assurance automatically renewed the policy at the end of the term but eventually canceled the policy on November 18, 1990 for lack of payment. The parties agree that Bowen Development's insurance policy with Assurance was in force when Bowen Development damaged the tree that eventually fell on Varianne Wellbrock. The policy was not in force, however, at the time of Varianne Wellbrock's death.

Bowen filed a similar lawsuit against Assurance on October 3, 1995, alleging, inter alia, that Assurance breached its contract by declining coverage for and defense of the Wellbrock matter. Bowen sought a declaratory judgment of coverage and recovery of defense costs for the Wellbrock suit and settlement. The trial court consolidated the cases.

Wellbrock, Bowen, and Assurance moved for summary judgment. The trial court issued a memorandum decision ruling that there was no coverage for the December 18, 1990 accident and granted summary judgment of dismissal to Assurance. Distinguishing *Gruol Constr. Co. v. Insurance Co. of N. Am.*, 11 Wn. App. 632, 524 P.2d 427, *review denied*, 84 Wn.2d 1014 (1974), the trial court reached its decision because "[a]ll damage (the bodily injury) occurred outside the policy." Wellbrock and Bowen appeal.

## ANALYSIS

Summary Judgment of Dismissal

Wellbrock and Bowen contend that the trial court erred in granting summary judgment dismissing their claims. An appellate court reviewing a summary judgment of dismissal order engages in the same inquiry as the trial court. *Hill v. J.C. Penney, Inc.*, 70 Wn. App. 225, 238, 852 P.2d 1111, *review denied*, 122 Wn.2d 1023 (1993); *Simpson Tacoma Kraft Co. v. Department of Ecology*, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992). Summary judgment is granted only when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law. CR 56(c); *Ross v. Frank B. Hall & Co.*, 73 Wn. App. 630, 634, 870 P.2d 1007 (1994). All facts submitted and all reasonable inferences from those facts must be considered in the light most favorable to the nonmoving party and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Nationwide Mut.*

*Fire Ins. Co. v. Watson*, 120 Wn.2d 178, 186, 840 P.2d 851 (1992); *Ross*, 73 Wn. App. at 634.[4]

Coverage of the "Occurrence"

The relevant terms in Bowen Development's insurance policy with Assurance provide coverage for " 'bodily injury' and 'property damage' which occurs during the policy period [and that such] 'bodily injury' or 'property damage' must be caused by an 'occurrence.' " The parties do not dispute that Bowen Development was negligent in excavating and clearing the lot adjacent to the Wellbrock residence. Nor do the parties dispute that the policy covers only "occurrences" within the policy period. But they disagree as to whether "occurrence" refers to the time the wrongful act was committed or to the time the bodily injury was sustained by the complaining party.

More specifically, Bowen and Wellbrock contend that the damage to the tree roots constitutes "physical injury" and "property damage" that triggers liability because the negligent excavation and clearing occurred during the policy period, causing damage to the trees at that time. But Assurance asserts that the liability triggering "occurrence" is signified by the incident causing injury to Varianne Wellbrock, that is, the falling of the tree.

 "An insurance policy is a contract whereby the insurer undertakes to indemnify the insured against loss,

---

[4]Assurance asserts the trial court's denials of the Wellbrocks' and Bowen's motions for summary judgment are not reviewable, citing *Herrmann v. Cissna*, 82 Wn.2d 1, 507 P.2d 144 (1973). In addition, Assurance contends this court cannot address issues not decided by the trial court, citing *Safeco Ins. Co. v. Barcom*, 112 Wn.2d 575, 773 P.2d 56 (1989). Both of these assertions are incorrect. *Herman* addresses an interlocutory appeal of the trial court's partial denial of summary judgment, which the instant appeal does not involve. Rather, the current appeal of the trial court's grant of summary judgment constitutes a final judgment reviewable on appeal. CR 54(b).

Assurance's assertion under *Barcom* is likewise misplaced. Although in its memorandum decision the trial court did not expressly address Assurance's duty to defend or its liability for the settlement and associated attorney fees, Bowen and Wellbrock advanced and presented the issues below in their motions for summary judgment. *See Bennett v. Hardy*, 113 Wn.2d 912, 917, 784 P.2d 1258 (1990). Finding there was no coverage for the asserted claims, the trial court did not need to reach those issues, which are therefore reviewable on appeal. RAP 2.4.

damage, or liability arising from a contingent or unknown event." *City of Okanogan v. Cities Ins. Ass'n*, 72 Wn. App. 697, 701, 865 P.2d 576 (1994) (internal quotations omitted). "This 'event' is called an 'occurrence.'" *City of Okanogan*, 72 Wn. App. at 701 (citing *Gruol*, 11 Wn. App. at 633). Interpretation of the term "occurrence" within the meaning of an insurance policy is a question of law. *Public Util. Dist. No. 1 v. International Ins. Co.*, 124 Wn.2d 789, 797, 881 P.2d 1020 (1994); *Ross*, 73 Wn. App. at 634. The party asserting coverage bears the burden of proving the loss suffered is a covered "occurrence" within the policy period. *Queen City Farms, Inc. v. Central Nat'l Ins. Co.*, 126 Wn.2d 50, 70, 882 P.2d 703 (1994), 891 P.2d 718 (1995).

Several cases have interpreted the term "occurrence" for purposes of determining policy coverage for conduct occurring within the policy period but that causes damage outside the policy period. The leading case is *Gruol*, 11 Wn. App. 632. In *Gruol*, an insured contractor's negligent construction resulted in dry rot that progressively worsened over several years. The dry rot damage was not discovered, however, until four years after completion of the building. During construction, the contractor had been insured by three different insurers. The court held that all three insurance companies were liable. The court reasoned that the occurrence was continuous until discovery of the damage because damage to the building, that began at the time of construction, progressed throughout each coverage period. *Gruol*, 11 Wn. App. at 636.

*Gruol* has been applied to various fact patterns. For instance, *Castle & Cooke, Inc. v. Great Am. Ins. Co.*, 42 Wn. App. 508, 711 P.2d 1108, *review denied*, 105 Wn.2d 1021 (1986), involved insurance coverage for long-standing discriminatory conduct occurring before the policy period at issue. Discerning that the "injury giving rise to the claim" determined the "occurrence" for purposes of liability, the court held that coverage existed for injuries manifested during the policy period, although resulting from prepolicy discrimination. *Castle & Cooke*, 42 Wn. App. at 517.

In *Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 725 P.2d 957 (1986), the policyholders sought recovery under two homeowner policies for damage to their residence sustained when the foundation sank. The policyholders claimed that progressive destabilization of the soil beneath their house during the period of the first homeowner policy caused the resulting foundation defect. Although the structure sustained no damage until after the first policy expired, the policyholders claimed the first insurer was liable for coverage because the soil destabilization occurred during the first policy period. *Villella*, 106 Wn.2d at 810-11. In rejecting this argument, the court noted that the residence sustained no damage before the expiration date of the first policy, and, in order to trigger coverage, the insured must sustain a covered injury or loss during the policy period. *Villella*, 106 Wn.2d at 811-12, 814.

Similarly, in *Fujii v. State Farm Fire & Cas. Co.*, 71 Wn. App. 248, 857 P.2d 1051 (1993), *review denied*, 123 Wn.2d 1009 (1994), the court affirmed summary judgment in favor of the insurer where the insureds sustained no injury during the policy period. The insureds requested coverage under their homeowner's policy to cover the costs of preventive measures after a landslide. Despite an engineer's testimony that the landslide damaged the supporting land, but not the structure itself, the court ruled there was no coverage because the landslide had not yet resulted in physical loss to the covered dwelling unit. *Fujii*, 71 Wn. App. at 250-51. Even though damage may be imminent, the court stated, there must be some "discernible physical damage" to the dwelling covered under the policy during the effective policy period. *Fujii*, 71 Wn. App. at 250.

██ These cases establish that an "occurrence" for insurance coverage purposes is determined by reference to the time the aggrieved party sustains an injury, not the time the initial negligence or damage occurred. *See also* 7A JOHN ALAN APPLEMAN, INSURANCE LAW AND PRACTICE, § 4497, at 122 (Walter F. Berdal ed., 1979) ("[T]he focus is on the loss

and not the conduct that may have precipitated the loss.") (citing *Gruol*, 11 Wn. App. 632).[5] We therefore hold that the coverage-triggering "occurrence" refers to the event causing injury to the complaining party, not the earlier event that created potential for future injury. An "occurrence" refers to "the fruits of a negligent act, not to the sowing of the seeds" because it is the consequence that signifies coverage, and not the cause. *Stillwell v. Brock Bros., Inc.*, 736 F. Supp. 201, 206 (1990). The mere presence of a "hazard," defined as a "source from which an accident may arise," 11 GEORGE J. COUCH ET AL., COUCH CYCLOPEDIA OF INSURANCE LAW § 44:286 (1982), does not trigger coverage. *Stillwell*, 736 F. Supp. at 206.

Accordingly, the policy in the present case expired before the "occurrence." The damages for injuries sustained by Wellbrock are therefore not compensable under the policy.[6] *Accord, Moss v. Shelby Mut. Ins. Co.*, 105 Mich. App. 671, 308 N.W.2d 428 (1981) (declining to apply the "two accident" concept to determine coverage where wooden deck negligently constructed during policy period collapsed with injuries resulting therefrom after policy expired). The trial court properly granted summary judgment dismissing the claims against Assurance.

Duty to Defend

Wellbrock and Bowen next contend that Assurance violated its contractual obligation to defend Bowen by declining to defend the claims brought by Wellbrock. They

---

[5]*See also* 6B APPLEMAN § 4262 (Supp. 1997) ("[F]or the purposes of a policy of liability, it is the time of the occurrence of the accident, rather than the time when the wrongful act is committed, that is deemed to be the time when the complaining party is damaged."); 7A APPLEMAN, § 4491.01, at 5 ("[T]he time of the occurrence of the accident within an indemnity policy is generally not considered to be the time the wrongful act was committed but the time when the complaining party was actually damaged").

[6]At oral argument, Bowen and Wellbrock cited to our decision in *American Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co., Inc.*, 82 Wn. App. 646, 920 P.2d 192 (1996), *review granted*, 130 Wn.2d 1017 (1996). The facts of *B&L Trucking*, however, are inapplicable to the instant case. There, various insurance companies provided coverage for multiple sequential policy periods. Coverage was continuously in force and the event triggering liability occurred during one of the coverage periods. Here, contrary to *B&L Trucking*, the event triggering liability occurred entirely after the policy expired and therefore no coverage was in force.

assert that Assurance could have undertaken a defense or assisted in settlement efforts under a "reservation of rights," or that it could have sought a declaratory judgment on coverage.

■ It is well-settled law that an insurer who rightfully refuses to defend a lawsuit based upon noncoverage is not responsible for the insured's expenses in defending the suit. *Waite v. Aetna Cas. & Sur. Co.*, 77 Wn.2d 850, 855, 467 P.2d 847 (1970); *Isaacson Iron Works v. Ocean Accident & Guar. Corp.*, 191 Wash. 221, 70 P.2d 1026 (1937); 14 COUCH, § 51:55 (where insurer justifiably refuses defense of action brought against the insured, on ground that claim was not covered, the refusal does not constitute a breach of contract and the insurer incurs no legal liability by its action). Having determined that the accident occurred outside the policy period, we hold that Assurance was under no duty to defend.

Reasonableness of the Settlement/Collateral Estoppel

Our analysis above negates the need to address the issues raised by Assurance regarding the reasonableness of the settlement and collateral estoppel.

Affirmed.

MORGAN and BRIDGEWATER, JJ., concur.

Review denied at 136 Wn.2d 1005 (1998).