(987 P.2d 1103)
No. 79,691

KEVIN D. BUSH and MARY B. BUSH, husband and wife; and CAPITOL FEDERAL SAVINGS & LOAN ASSN., *Appellants*, v. ROBERTA J. SHOEMAKER-BEAL and JAMES B. BEAL, husband and wife; *Defendants*, and STATE FARM FIRE & CASUALTY COMPANY, *Appellee*.

Opinion filed May 28, 1999.

*Harold S. Youngentob* and *Penny R. Moylan*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for appellants Kevin D. Bush and Mary B. Bush.

*Gilbert L. Guthrie* and *Terry L. Unruh*, of Grace, Unruh & Pratt, L.C., of Wichita, for appellee.

Before ROYSE, P.J., GERNON and KNUDSON, JJ.

KNUDSON, J.: Kevin D. and Mary B. Bush (collectively "Bush") purchased a residence with undisclosed termite damage from Roberta J. Shoemaker-Beal and James B. Beal (collectively "Beal"). After obtaining a $100,000 default judgment based upon negligent misrepresentations by Beal, garnishment proceedings were commenced against State Farm Fire & Casualty Company under a rental dwelling policy previously issued to Beal. Bush appeals from the district court's determination that certain policy exclusions precluded coverage.

We affirm because the economic losses sustained by Bush from Beal's negligent misrepresentations are not "property damage" caused by an "occurrence" as those words are defined or used within the policy issued by State Farm.

The State Farm policy consists of three distinct sections: general definitions; Section I, which provides property insurance coverage for loss or damage to the insured dwelling and related property; and Section II, which provides specified liability coverage to the insured for "a claim . . . for damages because of . . . property damage to which this coverage applies, caused by an occurrence."

In the definition section of the policy, "occurrence" and "property damage" are defined. " '[O]ccurrence,' when used in Section II of this policy, means an accident, including exposure to conditions, which results in: . . . property damage"; " 'property damage' means physical damage to or destruction of tangible property, including loss of use of this property."

The above definitions unambiguously require a cause and effect analysis; that is, what was the occurrence that resulted in damage to the insured property?

State Farm maintains that its insured's negligent misrepresentations, if any, were not the cause of any property damage; simply put, the termites, not the Beal's misrepresentations, caused the property damage, and Bush's claim is to recover economic damages.

The interpretation and construction of an insurance policy is a question of law over which we may exercise unlimited review. *First Financial Ins. Co. v. Bugg*, 265 Kan. 690, 694, 962 P.2d 515 (1998). Insurance policies must be construed according to the sense and meaning of the terms used, and if the language is clear and unambiguous, it must be taken in its plain, ordinary, and popular sense. The test to determine whether an insurance policy is ambiguous is what a reasonably prudent insured would understand the language to mean. 265 Kan. at 694. An insurance policy is not ambiguous unless there is a genuine uncertainty as to which of two or more possible meanings is proper. 265 Kan. at 698.

The above-stated provisions of the State Farm policy are not ambiguous. We have been unable to find any reported Kansas cases

addressing the issue now raised. However, numerous other jurisdictions have considered this issue and decided that a homeowner's policy with similar language does not afford coverage for an insured's negligent misrepresentations as to the condition of the property. See *State Farm Fire and Cas. Co. v. Brewer*, 914 F. Supp. 140, 142 (S.D. Miss. 1996), and the cases cited therein.

We agree with the reasoning in *Brewer* and hold that there is no coverage under the State Farm policy because the damage to the conveyed property was not caused by the negligent misrepresentations of Beal. The damage was caused by termites. We further hold there is no coverage because Bush seeks economic damages, not property damages.

Bush also argues State Farm should be estopped from contesting the reasonableness of the default judgment. Our decision renders this issue moot.

Affirmed.