# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3200

_____

St. Paul Fire & Marine Insurance   *
Company,   *
  *
    Appellee,   *
  *   Appeal from the United States
   v.   *   District Court for the
  *   Eastern District of Missouri.
Charles Lippincott, Dr.; Barbara J.   *
Lippincott,   *
  *
    Appellants.   *

_____

Submitted: March 13, 2002

Filed: April 19, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Charles and Barbara Lippincott (the Lippincotts) appeal the district court's[1] grant of summary judgment to St. Paul Fire & Marine Insurance Company (St. Paul). St. Paul brought a declaratory judgment action for a determination that the

_____

[1]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties under 28 U.S.C. § 636(c).

Lippincotts' claim was not covered under either of two insurance policies issued by St. Paul. We affirm.

This action is related to a suit Steve and Bonnie Thompson (the Thompsons) filed against the Lippincotts in the Circuit Court of Greene County, Missouri. The Thompsons sued the Lippincotts for fraud and recision, alleging the Lippincotts intentionally and negligently concealed structural damage to a house they sold to the Thompsons. Before listing the house for sale, the Lippincotts patched a structural crack with spackling, covered a crack with carpet, and then filled a room with boxes, making it difficult to discover the cracks. In selling the home to the Thompsons, the Lippincotts completed a disclosure statement falsely representing that they were not "aware of any past or present cracks or flaws in the walls or foundations." St. Paul defended the Lippincotts in the Thompsons' suit, but reserved the right to deny liability, disclaim indemnity, and withdraw from the defense at any time. The court in Greene County entered judgment in favor of the Thompsons on the negligent misrepresentation claim. The court awarded the Thompsons $75,000, consisting of $47,900 for repairs and $27,100 for diminution of fair market value.

St. Paul brought this declaratory judgment action against the Lippincotts seeking a judicial determination whether the basic insurance policy and a personal umbrella policy covered the judgment against the Lippincotts in the underlying suit. The district court granted St. Paul's summary judgment motion and entered a declaratory judgment that under the basic insurance policy and the personal umbrella policy, St. Paul had no liability to the Lippincotts for the Thompsons' judgment.

Summary judgment is proper when there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Casteel v. Cont'l Cas. Co., 273 F.3d 1142, 1143 (8th Cir. 2001). In this case, summary judgment was appropriate as the facts were undisputed and the issue was purely the interpretation of the contractual terms of the two insurance policies.

The Lippincotts argue the Thompsons' judgment was covered under the insurance policies issued by St. Paul. The primary insurance policy covered "legal liability resulting from an occurrence in which there is actual accidental property damage." The Lippincotts argue the umbrella policy expanded the definition of "occurrence" in the primary policy to include "anything that causes property damage, personal injury or death without your expecting or intending it." They contend that, under Missouri law, a negligent misrepresentation qualifies as "anything that causes property damage." The Lippincotts may be correct that a negligent misrepresentation claim qualifies as an "occurrence." Wood v. Safeco Ins. Co., 980 S.W.2d 43, 52 (Mo. Ct. App. 1998). However, we need not decide that issue because the Thompsons' judgment was clearly not a recovery for "property damage" under the policies.

An essential premise of the Lippincotts' position is that the Thompsons' judgment was an award for "property damage" as defined under the insurance contracts. The primary insurance policy defined "property damage" as "damage to someone else's property or its loss or destruction and the loss of its use." The umbrella policy defined "property damage" as damage to "tangible property or its loss or destruction" and "the loss of its use."

We must apply the law of Missouri which dictates that such clear and unambiguous language in an insurance policy should be given its plain meaning. Killian v. Tharp, 919 S.W.2d 19, 21 (Mo. Ct. App. 1996). The plain meaning of "property damage" under these policies is a tangible, that is, a physical or material, loss or destruction of property. We have recently examined the definition of "property damage" in a similar insurance contract under Missouri law and concluded "there is no 'property damage' unless and until the [occurrence causes] 'physical injury to tangible property.'" Esicorp, Inc v. Liberty Mut. Ins. Co., 266 F.3d 859, 862-63 & n.2 (8th Cir. 2001) (distinguishing Hawkeye-Security Ins. Co. v. Davis, 6 S.W.3d

-3-

419, 426 (Mo. Ct. App. 1999) from <u>Missouri Terrazzo Co. v. Iowa Nat'l Mut. Ins. Co.</u>, 740 F.2d 647, 650-52 (8th Cir. 1984)).

The Lippincotts' negligent misrepresentations did not cause any property damage to the house. Neither did the Lippincotts' actions to conceal the cracks in the house cause any property damage to the house. The structural flaws in the house constitute tangible property damage, but these flaws predate the occurrence of concealments and misrepresentations by which the Lippincotts incurred liability.

The Thompsons' judgment covered the intangible losses incurred when the Thompsons relied to their economic detriment upon the Lippincotts' misrepresentations. These damages are pecuniary in nature and are not property damage within the meaning of the St. Paul insurance policies. <u>See</u>, <u>e.g.</u>, <u>State Farm Fire & Cas. Co. v. Brewer</u>, 914 F. Supp. 140, 142-43 (S.D. Miss. 1996); <u>Bush v. Shoemaker-Beal</u>, 987 P.2d 1103, 1104-05 (Kan. Ct. App. 1999); <u>Qualman v. Bruckmoser</u>, 471 N.W.2d 282, 285 (Wis. Ct. App. 1991).

Accordingly, we affirm the opinion of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.