[No. 52713-4-I.   Division One.   May 3, 2004.]

ALLSTATE INSURANCE COMPANY, *Appellant*, v. GREGORY L. BOWEN, ET AL., *Respondents*.

*K.C. Webster* (of *Phillips & Webster, P.L.L.C.*), for appellant.

*Thomas G. Richards* (of *Peizer, Richards & Ziontz, P.S.*), for respondents.

Cox, C.J. — An insurer's duty to defend its insured against a claim is broader in scope and distinct from its duty to indemnify its insured.[1] Because the complaint of Gregory Bowen and Joelle Chizmar did not expressly rule out potential coverage of the claim against Mary Mautz, and John and Susan Mautz ("the Mautzes"), Allstate Insurance Company had a duty to defend against the claim. However, discovery during the litigation established that there was no coverage under the policies of insurance for the claim. Consequently, there was no duty of Allstate to indemnify its insureds under the two policies at issue in this case. Because the indemnity issue on appeal directly affects the question of the award of attorney fees below and on appeal, that issue is not moot. We affirm in part, reverse in part, and remand with directions.

Mary Mautz sold her property to Bowen and Chizmar in April 2001. Her son, John Mautz, assisted with the completion of the Real Property Transfer Disclosure Statement (Form 17). On that form, there were representations that there were no known defects to the property's plumbing system, including pipes, faucets, fixtures, and toilets. There had been some backup problems with the sewer system prior to 1998.

In November 2001, the toilet overflowed for the third time since Bowen and Chizmar purchased the property. The line was videotaped, revealing a section shattered by tree roots and another portion of the line that was completely blocked. The estimate for repair was $7,344.00.

Chizmar and Bowen sued the Mautzes for "intentionally or negligently, or innocently fail[ing] to disclose accurate and truthful information on the Form 17." John and Susan Mautz tendered defense of the lawsuit to Allstate under their homeowners' policy. Mary Mautz, the owner of the property, also tendered defense to Allstate under her separate homeowner's policy. In 2002, Allstate accepted both

---

[1] *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 760, 58 P.3d 276 (2002) (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64, 1 P.3d 1167 (2000)).

tenders of defense under reservations of rights for both policies.

Allstate commenced this declaratory judgment action in February 2003, claiming that it was not obligated to either indemnify or defend the Mautzes. Allstate and the Mautzes made cross-motions for summary judgment. The trial court granted the Mautzes' motion and awarded attorney fees to them.

Allstate appealed. Following settlement of the underlying lawsuit in August 2003, a settlement in which Allstate paid to Bowen and Chizmar $12,000 of the $13,000 dollar settlement, the Mautzes moved to dismiss as moot the indemnity issue that Allstate raised on appeal. A commissioner of this court denied that motion, passing the question to this panel.

## MOOTNESS

■ The Mautzes note in their brief that they had filed a motion to dismiss the indemnity issue that Allstate raised on appeal. We hold that the commissioner correctly denied the motion. Resolution of the question of Allstate's duty to indemnify is not moot because it directly affects the question of the awardability of attorney fees under *Olympic Steamship Co. v. Centennial Insurance Co.*[2]

Allstate correctly relies on *McGary v. Westlake Investors.*[3] *McGary* involved a declaratory judgment action to determine the rights of lessees under a commercial lease.[4] Our Supreme Court held that the case was not moot simply because of the unlawful detainer judgment against a lessee. He still had a monetary stake in the case because $4,600 in

---

[2] 117 Wn.2d 37, 811 P.2d 673 (1991).

[3] 99 Wn.2d 280, 661 P.2d 971 (1983).

[4] *McGary*, 99 Wn.2d at 281.

attorney fees were imposed against him below.[5] Our Supreme Court concluded, "[o]bviously this case is not moot."[6]

That reasoning is persuasive here. The awardability of fees both below and on appeal remains at issue. Obviously, this case is not moot.

## DUTY TO DEFEND AND INDEMNIFY

Allstate contends that the trial court erred when it concluded that it had a duty to defend and indemnify the Mautzes. We hold that Allstate had a duty to defend the Mautzes, but had no duty to indemnify them.

■ We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[7] We review questions of law de novo.[8]

■ The duty to defend arises at the time an action is brought, and is based on the potential for liability.[9] The duty to defend " 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.' "[10] Only if the alleged claim is clearly not covered by the policy is the insurer not obligated to defend.[11] An ambiguous complaint is to be liberally construed in favor of

---

[5] *McGary*, 99 Wn.2d at 284.

[6] *McGary*, 99 Wn.2d at 284; *accord Kuehn v. Renton Sch. Dist. No. 403*, 103 Wn.2d 594, 597, 694 P.2d 1078 (1985) ("While plaintiffs cannot be granted the declaratory relief they sought 2 years ago to enjoin the allegedly unconstitutional search requirement, nevertheless, since 42 U.S.C. § 1983 provides nominal damages and attorney fees for civil rights violations, this issue remains to be resolved between these parties.").

[7] CR 56(c).

[8] *Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

[9] *Truck Ins. Exch.*, 147 Wn.2d at 760.

[10] *Truck Ins. Exch.*, 147 Wn.2d at 760 (quoting *Unigard Ins. Co. v. Lever*, 97 Wn. App. 417, 425, 983 P.2d 1155 (1999)).

[11] *Truck Ins. Exch.*, 147 Wn.2d at 760.

triggering the duty to defend.[12] If the insurer is unsure of its obligation to defend, it may defend under a reservation of rights, while seeking a declaratory judgment that it has no duty to defend.[13] The duty to defend is broader than the duty to indemnify.[14]

The duty to indemnify is a separate obligation.[15] "The duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy."[16] The interpretation of insurance policy language is a question of law.[17] The policy should be given a fair, reasonable, and sensible construction, as would be given to the contract by the average person purchasing insurance.[18] To determine coverage, the insured must establish that the loss falls within the " 'scope of the policy's insured losses.' "[19]

Both policies state in pertinent part: "Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and covered by this part of the policy." Occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**." Bodily injury is defined as "physical harm to the body, including sickness or

---

[12] *Truck Ins. Exch.*, 147 Wn.2d at 760.

[13] *Truck Ins. Exch.*, 147 Wn.2d at 761.

[14] *Truck Ins. Exch.*, 147 Wn.2d at 760 (citing *Hayden*, 141 Wn.2d at 64).

[15] *N.H. Indem. Co. v. Budget Rent-A-Car Sys.*, 148 Wn.2d 929, 938, 64 P.3d 1239 (2003) (citing *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 690, 15 P.3d 115 (2000)).

[16] *Hayden*, 141 Wn.2d at 64.

[17] *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984).

[18] *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986).

[19] *Diamaco, Inc. v. Aetna Cas. & Sur. Co.*, 97 Wn. App. 335, 337, 983 P.2d 707 (1999) (quoting *Schwindt v. Underwriters at Lloyd's of London*, 81 Wn. App. 293, 298, 914 P.2d 119 (1996)), *review denied*, 140 Wn.2d 1013 (2000).

disease, and resulting death . . . ." Property damage is defined as "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction."

### Duty to Defend

Here, the complaint alleges the Mautzes "intentionally or negligently, or innocently failed to disclose accurate and truthful information on the Form 17" and that as a result Bowen and Chizmar suffered "damages to their property and other financial damages."

We first note that in each of Allstate's two letters accepting tender of defense from their insureds under separate homeowners' policies the insurer stated: "[B]ecause Washington Courts have not specifically ruled on homeowner policy coverage related to the allegation of negligent misrepresentation, there may be coverage and defense for the Plaintiff's Misrepresentation Cause of Action in this lawsuit under your Allstate policy."

It is difficult to reconcile Allstate's position on appeal with its analysis in its letters to its insureds at the time it accepted tender of defense, subject to its reservations of rights under the two policies. Assuming for the purposes of this discussion that the scope of its duty to defend was unclear under Washington law, under *Truck Insurance Exchange*, there was a duty to defend at that time.[20]

■ Second, the complaint alleges an occurrence. In the broadest sense, an occurrence is an act or omission that causes an injury.[21] As Allstate properly concedes in its opening brief, the complaint of Bowen and Chizmar alleges a triggering event, the failure to disclose, and both property damage and other financial damages caused by the failure to disclose. This is essentially a misrepresentation claim, as Allstate states in its letters. The complaint alleges both property damage to the sewer line and loss of use.

---

[20] *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 58 P.3d 276 (2002).

[21] *Wellbrock v. Assurance Co. of Am.*, 90 Wn. App. 234, 242-43, 951 P.2d 367, *review denied*, 136 Wn.2d 1005 (1998).

■ The policy definition of an "occurrence" as an "accident" does not require a contrary result because the complaint also alleged intentional, negligent, or innocent failure to disclose. Thus, the question of whether the failure to disclose constituted an accident was ambiguous and unresolved from the language of the complaint.[22] Therefore, Allstate was required, as it did here, to defend.

Allstate's contention that there was no duty to defend because the complaint did not specifically allege that the misrepresentation caused the failure of the sewer line and loss of use is not persuasive. The plaintiffs alleged that property damage arising from an occurrence occurred. That was sufficient to trigger Allstate's duty to defend.

### Duty to Indemnify

■ Allstate also contends that it did not have a duty to indemnify because (1) the damage did not "arise from" the misrepresentation, and (2) the misrepresentation cannot be an occurrence because it is not an "accident" as defined in the policy. We conclude that the required causal connection was not present in this case and need not discuss further the question of whether there was an accident. Accordingly, there was no duty to indemnify under either policy.

### "Arising From"

Allstate argues that there is no causal connection between the property damage[23] and the alleged misrepresentation. We agree.

---

[22] *See* THOMAS V. HARRIS, WASHINGTON INSURANCE LAW, at 17-2 § 17.1 (1995 & Supp. 2003) ("A common situation is one in which a policy contains an exclusion for damage intentionally caused by an insured. If a third-party claimant alleges that his damages are the result of the negligent and/or intentional acts of the insured, the parties will not be able to determine whether there is coverage until the underlying tort case has been resolved . . . .").

[23] It appears that Allstate's argument that there was no property damage but only economic damages is a direct result of its argument that the situation here

■ "The phrase 'arising out of' is unambiguous and has a broader meaning than 'caused by' or 'resulted from.'[24] The phrase is understood to mean " 'originating from,' " " 'having its origin in,' " " 'growing out of,' " or " 'flowing from.' "[25]

The policies at issue here provided coverage for "property damage arising from an occurrence to which this policy applies . . . ." Clerk's Papers at 55. The Mautzes are deemed to have admitted in two requests for admission that the "alleged defects and failure of the sewer" "was not physically caused by" or "did not physically arise from" the alleged misrepresentation.

The property damage did not arise from the alleged misrepresentation. The property damage arose independently of any alleged misrepresentation. The property damage arose from roots, the degradation of the pipe material, or the placing into the sewer system of inappropriate items. The property damage or loss of use did not "arise from" the representations in the real estate form.

Two cases are persuasive in this regard. In *Bush v. Shoemaker-Beal*,[26] the purchasers of a home sued the buyer for negligent misrepresentation concerning termite damage. The policy covered property damage caused by an occurrence.[27] The Kansas Court of Appeals concluded that there was no coverage under the homeowners' policy be-

---

does not satisfy the "arising from" language in the policy. Allstate is not arguing that there was no property damage or loss of use. It is undisputed that there were broken pipes and loss of use of the sewer system for three or four days. Instead, Allstate is arguing that the lack of a causal connection between the alleged misrepresentation and the physical damages renders the loss here an economic one only. For this reason, we will not address separately Allstate's property damage argument.

[24] *Toll Bridge Auth. v. Aetna Ins. Co.*, 54 Wn. App. 400, 404, 773 P.2d 906 (1989) (citation omitted).

[25] *Toll Bridge Auth.*, 54 Wn. App. at 404 (quoting *Avemco Ins. Co. v. Mock*, 44 Wn. App. 327, 329, 721 P.2d 34 (1986)).

[26] 26 Kan. App. 2d 183, 987 P.2d 1103 (1999).

[27] *Bush*, 987 P.2d at 1104-05.

cause the termite damage was not caused by the negligent misrepresentation but by the termites.[28]

The reasoning in *State Farm Lloyds v. Kessler*,[29] a Texas case, is also instructive. The court noted that any alleged misrepresentation concerning drainage and foundation problems was not the cause of those problems. The problems existed before any alleged misrepresentation.[30] The court concluded that economic damages arose because the purchaser did not get the property they bargained for because of the misrepresentation.[31] The misrepresentation did not cause the physical property damage, but economic damages only.

The Mautzes contend that this court should employ the efficient proximate cause rule to find coverage because the alleged misrepresentation started a chain of causation that resulted in Bowen and Chizmar's property damage. Courts employ the efficient proximate cause rule to find coverage when the initial act is a covered one but somewhere in the chain of causation, an excluded act occurs.[32] The rule does not relieve the Mautzes' of their burden of proving at the outset that the alleged misrepresentation falls within the policy language.[33] The rule is not applicable here.

We conclude that uncovered economic losses, not property damage or loss of use, arose from the alleged misrepresentation. Allstate had no duty to indemnify the Mautzes.

---

[28] *Bush*, 987 P.2d at 1105.

[29] 932 S.W.2d 732 (Tex. Ct. App. 1996).

[30] *Kessler*, 932 S.W.2d at 737.

[31] *Kessler*, 932 S.W.2d at 737.

[32] The rule states "[w]here a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought, the insured peril is regarded as the 'proximate cause' of the entire loss," even though other events within the chain of causation are excluded from coverage. *Graham v. Pub. Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538, 656 P.2d 1077 (1983); *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 731, 837 P.2d 1000 (1992).

[33] *See also Toll Bridge Auth.*, 54 Wn. App. at 407 (concluding that "arising out of" and "proximate cause" are two separate concepts).

ATTORNEY FEES

The Mautzes request attorney fees on appeal under RAP 18.1 and *Olympic Steamship*. Allstate requests that we reverse the award of fees below. We hold that the Mautzes are entitled to an award of fees on appeal, but only to the extent of their successful claim concerning Allstate's duty to defend. Likewise, to the extent the trial court awarded fees to them for the coverage question regarding indemnity, they are not entitled to fees.

We remand to the trial court for consideration of the amount of fees to be awarded to the Mautzes, both for trial and on appeal, and for entry of an appropriate judgment.

We affirm in part, reverse in part, and remand for further proceedings that are consistent with this opinion.

COLEMAN and SCHINDLER, JJ., concur.