ZURICH AMERICAN INSURANCE
COMPANY, Plaintiff,

v.

PUBLIC STORAGE f/k/a Shurgard
Storage Centers Inc., et al.,
Defendants.

Case No. 1:09cv1394.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 17, 2010.

William J. Carter, Kelly Marie Lippin-cott, Carr Maloney, Washington, DC, for Plaintiff.

Collin Jefferson Hite, Kenneth Abrams, McGuirewoods LLP, Richmond, VA, for Defendants.

## ORDER

T.S. ELLIS, III, District Judge.

The merits question presented in this diversity declaratory judgment action was whether plaintiff-insurer, Zurich American Insurance Company ("Zurich"), has a duty to defend any of the claims asserted against the defendant-insured. Public Storage, in an ongoing Virginia state court action. This question was resolved by Memorandum Opinion and accompanying Order dated September 16, 2010, which concluded that Zurich has a duty to defend

one of the eight claims in the underlying lawsuit. *See Zurich Am. Ins. Co. v. Public Storage*, 1:09cv1394, 743 F.Supp.2d 525, 2010 WL 3785008 (E.D.Va. Sept. 16, 2010) (Mem. Op.). At issue now is whether Public Storage is entitled loan award of attorneys' fees in this ease, and whether Zurich is entitled to recover its costs and fees incurred to date in defending the uncovered claims in the underlying state court action.

## I.[1]

On May 22, 2009, Talal M. Nsouli ("Nsouli") filed a complaint (hereinafter "Underlying Complaint") in Fairfax County Circuit Court, alleging that Public Storage, and a co-defendant, Sam's Contracting, Inc., are liable for the unlawful removal and destruction of medical records that Nsouli stored in a self-storage unit leased from Public Storage. In the Underlying Complaint, Nsouli asserts eight claims in three separate counts against Public Storage. The Memorandum Opinion concludes that only one claim in the Underlying Complaint is potentially covered by Public Storage's commercial general liability insurance policy. *Id.* at 30. Because Washington law obligates an insurer to defend only covered claims,[2] the Memorandum Opinion further concludes that Zurich has a duty to defend the covered claim, and that Public Storage must defend the remaining seven claims. *Id.* at 30–31.

## II.

The parties dispute whether Public Storage is entitled to attorneys' fees for defending the declaratory judgment action.

Ordinarily, Washington courts follow the American rule on attorneys' fees, which provides that fees are not recoverable by the prevailing party unless the recovery is permitted by: (i) contract, (ii) statute, or (iii) some recognized ground of equity. *See Leingang v. Pierce County Med. Bur.*, 131 Wash.2d 133, 930 P.2d 288, 294 (1997). Yet, Washington law is well-settled that a narrow exception to the American rule exists in insurance disputes. Specifically, the Supreme Court of Washington has held that:

> [A]n award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue.

*Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wash.2d 37, 811 P.2d 673, 681 (1991). Significantly, an insured need not establish bad faith on the part of the insurer to recover fees. *Leingang*, 930 P.2d at 296. Indeed, "[i]t is only necessary that the insurer cause an insured to suffer the costs of litigation in order to compel an insurer to honor its commitment to provide coverage." *Id.*

Here, Zurich required Public Storage to defend a declaratory judgment action regarding Zurich's duty to defend and indemnify Public Storage against claims in a state-court lawsuit. Because Zurich is required to defend Public Storage on one claim in that lawsuit, Public Storage is entitled to an award of reasonable attorneys' fees for defending this action.[3] Yet, it seems evident that although Public Stor-

---

1. For a full recitation of facts, see *Zurich Am. Ins. Co. v. Public Storage*, 1:09cv1394, 743 F.Supp.2d 525, 2010 WL 3785008 (E.D.Va. Sept. 16, 2010) (Mem. Op.).

2. *See Seaboard Surety Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc.*, 81 Wash.2d 740, 504 P.2d 1139, 1140 n. 1

(1973); *Waite v. Aetna Cas. & Surety Co.*, 77 Wash.2d 850, 467 P.2d 847, 851 (1970).

3. *See Trinity Universal Ins. Co. v. Animal Pharms., Inc.*, No. CV–07–3008, 2008 WL 958202, at *4 (E.D.Wash. Apr. 8, 2008) (granting reasonable attorneys' fees to the insured for being forced to defend a declaratory

age is entitled to some fees under *Olympic Steamship*, it is not entitled to the total costs of defending the declaratory judgment action. This is so because Public Storage prevailed on only one of the eight separate and distinct claims alleged in the Underlying Complaint. And, just as an insurer does not have a duty to defend uncovered claims, so, too, should an insurer's obligation to reimburse an insured be limited by the degree of the insured's success in the declaratory judgment case. In other words, it is appropriate to limit Public Storage's fee award in this case to those fees attributable to the claim on which Public Storage prevailed. This conclusion is a logical extension of the settled principle of Washington law that an insurer has a duty to defend only covered claims.

Of course, apportionment of litigation expenses in this manner may present practical problems given that it is frequently difficult, if not impossible, for the insured in the declaratory judgment suit to match a particular litigation expense to a particular claim. Moreover, it is doubtless true that some of the time Public Storage's attorneys spent on this case may be properly attributable to all claims. Where this is shown to be the case, Public Storage is entitled to recover for the attorney time attributable to all claims even though it prevailed on only one claim.

Although the parties do not expressly raise the issue, it is worth noting that Zurich is not entitled to an award of attorneys' fees for bringing the declaratory judgment action, notwithstanding that it prevailed on seven of the eight claims. Under the American rule, there is no contractual provision, statute, or recognized ground in equity entitling Zurich to attorneys' fees in the instant action. To the contrary, as one Washington appellate court put it, to award an insurer fees for work done to deny coverage to an insured "stands *Olympic Steamship* completely on its head." *Polygon Northwest Co. v. Am. Nat'l Fire Ins. Co.*, 143 Wash.App. 753, 189 P.3d 777, 799 (Wash.Ct.App.2008). Because Washington courts have not extended the rule in *Olympic Steamship* to insurers, the fact that Zurich prevailed on most of the claims in the declaratory judgment action does not provide a basis for an award of attorneys' fees.[4]

## III.

■ The parties also dispute whether Zurich is entitled to reimbursement for its costs and fees incurred in defending Public Storage in the underlying lawsuit against the uncovered claims. Washington courts have not decided this question. And courts in other jurisdictions are split on whether an insurer may recover defense costs for uncovered claims.[5] Zurich has

---

judgment action involving the insurer's duty to defend and indemnify); *Allstate Ins. Co. v. Bowen*, 121 Wash.App. 879, 91 P.3d 897, 903 (Wash.Ct.App.2004) (awarding attorneys' fees for successfully defending declaratory judgment action on the issue of the insurer's duty to defend).

4. A narrow exception to this rule occurs, where is not true here, when an insured brings a frivolous lawsuit seeking to establish coverage. *See Manteufel v. Safeco Ins. Co. of Am.*, 117 Wash.App. 168, 68 P.3d 1093, 1098 (Wash.Ct.App.2003) (upholding trial court's award of attorneys' fees to the insurer because the insured's lawsuit was frivolous).

5. *Compare Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 776 (1997) (approving the right), *with Perdue Farms, Inc. v. Travelers Cas. & Surety Co. of Am.*, 448 F.3d 252, 259 (4th Cir.2006) (disapproving the right under Maryland law), *and Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 215 Ill.2d 146, 293 Ill. Dec. 594, 828 N.E.2d 1092, 1104 (2005) (refusing "to permit an insurer to recover defense costs pursuant to a reservation of rights absent an express provision to that effect in the insurance contract between the parties").

not cited a single case, nor has one been found, where Washington courts have allowed an insurer to recoup defense costs for uncovered claims. As a court sitting in diversity, it is inappropriate to blaze a new trail in Washington insurance law for which there is absolutely no invitation in the prior cases. *See Ryan v. Royal Ins. Co. of Am.*, 916 F.2d 731, 744 (1st Cir.1990) ("[L]itigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trials will be blazed."). Accordingly, while Zurich has no further obligation to fund the defense of claims not potentially covered by the insurance policy, Zurich is not entitled to recover the litigation costs already expended 10 defend those claims.

Accordingly, for these reasons,

It is hereby **ORDERED** that defendants' request for an award of attorneys' fees for the declaratory judgment action is **GRANTED IN PART** and **DENIED IN PART.**

1. Defendants' are directed to submit a fee petition consistent with the principles announced in this Order on or before 5:00 p.m., Wednesday, September 29, 2010.

2. Plaintiff may submit a response to defendants' fee petition on or before 5:00 p.m., Wednesday, October 6, 2010.

It is further **ORDERED** that plaintiff's request for an award of attorneys' fees in the declaratory judgment action is **DENIED.**

It is further **ORDERED** that plaintiff's request for its costs and fees incurred to date in defending the uncovered claims in the underlying state court action is also **DENIED.**

The clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the ended matters.