**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation, | No. 14-36002 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-00823-MJP |
| v. | MEMORANDUM[*] |
| BELMONT SEATTLE, LLC, a California limited liability company, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Senior District Judge, Presiding

Submitted May 18, 2017[**]
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and LEMELLE,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ivan L.R. Lemelle, United States Senior District Judge for the Eastern District of Louisiana, sitting by designation.

Belmont Seattle appeals the district court's judgment in favor of Century Surety Company. The district court found that summary judgment was appropriate because the exception to the alienated premises exclusion did not apply and Century Surety never insured Belmont Seattle. Belmont Seattle argued in its appeal that the district court erred on four grounds: (1) it refused to dismiss Century Surety's declaratory judgment cause of action for lack of subject matter jurisdiction; (2) it refused to award Belmont Seattle *Olympic Steamship* attorney's fees under Washington state law; (3) it ruled that the exception to the alienated premises exclusion did not apply on the basis of an erroneous definition of premises and interpretation of rental income; and (4) it concluded that Belmont Seattle was never insured under the policy with Century Surety.

We find that the district court erred when it exercised subject matter jurisdiction over Century Surety's declaratory judgment action.[1] Nonetheless, the district court correctly decided that Belmont Seattle is not entitled to *Olympic Steamship* attorney's fees. We reverse in part and affirm in part.

---

[1] Coverage issues will not be discussed given that subject matter jurisdiction is not present.

2

We review *de novo* a district court's grant of a motion for summary judgment. *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1142 (9th Cir. 2002) (citing *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech.*, 125 F.3d 794, 797 (9th Cir. 1997)). We also review *de novo* a district court's decision on subject-matter jurisdiction, including questions of mootness. *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985). Finally, the district court's denial of attorney's fees is reviewed for an abuse of discretion. *K.C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014).

Under the Declaratory Judgment Act federal courts are empowered, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations" of parties. 28 U.S.C. § 2201(a). This refers to matters that are justiciable under Article III of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126-127 (2007). A case is not justiciable if it is moot. *Campbell v. Wood*, 18 F.3d 662, 680 (9th Cir. 1994). In the instant controversy, the underlying action that gave rise to the declaratory judgment action found resolution while the parties in this matter were first on appeal before this Court. The declaratory judgment action became moot after third parties settled Belmont Seattle's claims regarding the duty to defend that Century Surety contested in the separate action.

3

The lower court relied on Washington law to find Belmont Seattle's claim for attorney's fees prevented the declaratory judgment action from being dismissed as moot. *See Allstate Ins. Co. v. Bowen,* 91 P.3d 897 (Wash. Ct. App. 2004). Nonetheless, subject matter jurisdiction in federal court is determined by the narrow standards delineated in Article III of the United States Constitution. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Conversely, Washington superior courts are "courts of general jurisdiction and are not constrained by subject matter jurisdiction under Article III." *To-Ro Trade Shows v. Collins*, 997 P.2d 960, 963 (Wash. Ct. App. 2000), *aff'd*, 27 P.3d 1149 (Wash. 2001). Jurisdictional analyses regarding federal subject matter jurisdiction by state appellate courts interpreting state constitutions are not instructive for this Court. Furthermore, attorney's fees do not jurisdictionally preserve a case that otherwise has become moot on appeal. As the Supreme Court has explained, an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).

However, attorney's fees, though ancillary to the underlying action, survive independently under the Court's equitable jurisdiction. *United States v. Ford*, 650 F.2d 1141, 1143-1144 (9th Cir. 1981). The lower court determined that Belmont Seattle was not entitled to attorney's fees and we affirm on different grounds. Attorney's fees in insurance disputes under Washington state law, *Olympic Steamship* fees, are only available to the prevailing party. *McRory v. Northern Ins. Co. of N.Y.,* 980 P.2d 736, 738 (Wash. 1999). Belmont Seattle contends that the loss of subject matter jurisdiction renders them the prevailing party and therefore entitles them to attorney's fees. The fact that other parties settled the claims that formed the basis for Century Surety's declaratory judgment action does not establish whether the underlying coverage action was meritorious. Settlement agreements by third parties do not make Belmont Seattle the prevailing party against Century Surety in an independent declaratory action. Given the disposition of the coverage action this Court does not find it appropriate to award attorney's fees to Belmont Seattle and therefore affirms the district court decision on other grounds.

REVERSE IN PART AND AFFIRM IN PART.